wise it will be reversed, and the action remanded for a new trial.

*Judgment accordingly.*

RICHARDS and WILLIAMS, JJ., concur.

Judges of the Sixth Appellate District sitting in place of Judges SULLIVAN, VICKERY and LEVINE of the Eighth Appellate District.

HROVAT *v.* KRALL.

(Decided October 31, 1927.)

*Mr. S. J. Deutsch* and *Mr. Leopold Kushlan,* for plaintiff in error.

*Mr. Harry F. Glick,* for defendant in error.

SULLIVAN, P. J.   This cause is here on ·error from
the municipal court of the city of Cleveland, and in
the statement of claim there were two causes of ac-
tion, based upon what is claimed to be a valid and
enforceable contract in writing signed by the hus-
bands and the wives, and under the provisions there-
of it was stipulated that each party was to pay the
agent a commission of $200, and, if either party
backed out of the deal, such party was to pay both
commissions, and the terms of the contract related
to an exchange of equities in certain real properties
located in the city of Cleveland.   The defendant,
Joseph Krall, owned a property on East 156th
street, and was to exchange his property, at a valu-
ation of $9,000, subject to a mortgage of $3,500, thus
leaving an equity in his property of $5,500.   One
Smaltz, the other party to the transaction, owned
property on Ivan avenue, which he was to turn in.
at a valuation of $7,500, subject to a·mortgage of
$1,300, thus leaving an equity of $6,200.   Each party
was to pay the taxes on the premises purchased by
him.

Under the terms of the contract, by an analysis
thereof, there was a difference in equities amounting
to $700 in favor of Smaltz, but there was no pro-
vision whatsoever as to how this sum of money was
to be paid, or the manner in which it was to be paid
—whether it was to be in cash, by one payment, or
in numerous payments, or whether it was to be paid
in installments evidenced by promissory notes or
other proofs of indebtedness.   On these matters the
contract is absolutely silent, thus showing that, upon

a material and vital element in the contract, there was no meeting of the minds, and thus, it is claimed, the court below committed error in holding that the contract was unenforceable.

It is claimed that there is a presumption, in the absence of anything to the contrary, that the $700 would be payable in cash. That might be. But whether it was all to be paid in cash in one transaction, or in installments, there is no provision. In other words, the element of time, which is a very material and important element in contracts of this nature, is not taken into consideration, and consequently there is no meeting of the minds upon this important phase as to the $700, the difference in the equities.

It is claimed that the following paragraphs of the syllabus in *Carey, Admr.,* v. *Conn,* 107 Ohio St., 113, 140 N. E., 643, govern in this case:

"1. Where a real estate agent or broker makes a contract with the owner of property 'to find a buyer for his real estate at a commission of two per cent. for his services,' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services.

"2. If the contract between owner and purchaser, for any reason, fails of performance, and the owner thereafter brings a suit in specific performance upon such contract against such purchaser, the agent not being a party thereto, the judgment in the suit for specific performance is not *res adjudicata* against such agent."

There is nothing in this holding which does violence to the general proposition of law that the broker or agent must bring the interested parties together, and, in order to bring them together in the transaction, their minds must meet on all material points involved in the transaction. The first paragraph of above syllabus is authority for the proposition that there must be a contract between the owner and the buyer, and in the instant case one of the substantial terms above noted remains unsettled. This situation is sufficient to prevent a consummation of the sale, and because of this fatality it cannot be claimed, under the holdings in Ohio, that the broker is entitled to his commission. The minds of the owner and the buyer, or the parties who exchange their property, as in the instant case, must meet.

In *Pfanz* v. *Humburg*, 82 Ohio St., 1 (91 N. E., 863, 864, 29 L. R. A. [N. S.], 533), on page 9 of the opinion, by Price J., we read:

"When the plaintiff closed his evidence, he had made no better case than he had stated in a very vulnerable petition. The petition shows that the right to compensation depended upon a completed sale. The contract under which this agent was acting authorized him to sell the property therein described on terms clearly stated: 'title to be perfect, free and unincumbered.'"

And again on page 9 (91 N. E., 864) we note the following:

"There is no averment in the petition that the property was sold, but the averment is that plaintiff, on or about the 9th of May, 1905, 'procured in writing a purchaser for the said premises, in accordance

with the terms of said contract, who was ready, able and willing to purchase said property in accordance with the terms of the contract above set forth, and so notified the defendants.' "

Price, J., resuming, said:

"This falls far short of making a sale, for many untoward incidents may occur after a purchaser is procured, which may defeat a sale without any fault on the part of the owners, the principals."

Thus it appears, by analogy, that in the instant case there was no completion of the deal while the parties were in dispute as to one of the salient provisions of the terms of the contract.

On page 11 (91 N. E., 865), in *Pfanz* v. *Humburg, supra,* the court quotes from *Wilson* v. *Mason,* 158 Ill., 304, 311, 42 N. E., 134, 49 Am. St. Rep., 162, as follows:

"The true rule is that a broker is entitled to his commission, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. * * * An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and purchaser must be bound to each other in a valid contract."

But if the contract in question was enforceable, it is plain that there could only be one commission due the plaintiff, and that based upon his services. It could not be due because one of the parties backed out, because there is nothing in the contract which binds the party backing out, and, in order to hold him to such an agreement for a double commission, it would have to be shown that there was some agreement binding in law which could be enforced. Thus,

as to this situation, it must be conceded that the court committed no error in his ruling, and it is our unanimous judgment that the court committed no error in sustaining the motion for judgment on the ground that the contract, which is the basis of the action, was unenforceable by reason of its invalidity.

Holding thus, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE and VICKERY, JJ., concur.