## FRANKEL CHEVROLET CO v SNYDER

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Dec 15, 1930

E. H. Meisel and Al Siegal, Cleveland, for Chevrolet Co.

Bernsteen & Bernsteen, Cleveland, for Snyder.

**LEVINE, J .**

Plaintiff in error claims that this evidence was competent; that the oral conversation was not offered for the purpose of varying, changing or altering the terms of a written contract, but it was offered instead to show that the written agreement was not to be binding until the happening of a certain event.

In support of this contention, counsel for plaintiff in error cites Jones on Evidence, Third Edition, page 730, as follows:

"'In this connection we will give one of the exceptions as stated very broadly by Stephen: Parol evidence may be given to prove 'the existence of any separate oral' agreement constituting a condition precedent to the attaching of any obligation under any such contract, grant or disposition of property.' Steph. Ev. Art. 90, p. 163; Richards v Day, 137 N. Y. 183, 33 Am. Rep.; 704, 23 L. R. A., 601, 33 N. E., 146; Morgan v Griffiths, 6 Exch. 70."

There is no doubt that this quotation from "Jones on Evidence" states the general rule.

The only question which remains is the applicability of the rule to the present case. It will be noticed that it was claimed by Lillian Snyder that, at the time she entered into the written agreement with the Frankel Chevrolet Company, there was an

oral conversation between her and the representative of the company, the effect of which was that in the event she secured a better trade price for her Oakland automobile from some other dealer, this written agreement was to be of no effect.

We fail to see how, in view of this conversation the same can be treated as a condition precedent. Whether or not the agreement was to remain effective depends not on a condition precedent, but on a condition subsequent, and that is her ability to secure a better trade price for her Oakland automobile from some other dealer.

This rule enunciated by Jones and many other authorities only relates to conditions precedent and not to conditions subsequent. In our opinion, therefore, this oral conversation was incompetent, and prejudicial error was committed by admitting such evidence.

It must be observed also that after signing the written agreement between herself and the Frankel Chevrolet Company, Lillian Snyder delivered the Oakland roadster to the Chevrolet Company, and in view of the denial of the Frankel Chevrolet Company that such oral understanding took place, the testimony given to the effect that such oral understanding was had between the parties is, in our opinion, not dependable and must be regarded as of doubtful credence. She would not have been likely to have delivered the Oakland roadster to the Frankel Chevrolet Company, if such oral understanding was had between the parties. If we eliminate this oral understanding we have nothing left but the written contract between the parties, and the delivery of the Oakland roadster under it vested absolute title in the Frankel Chevrolet Company.

The action was for conversion. It does not need an exhaustive statement of the law to support the conclusion that an owner of property cannot be sued for converting his own property to his own use.

While not desiring to pass upon any other litigation which may take place between the parties in the future, it seems to us that if Lillian Snyder has any remedy at all, it would have to be based entirely and exclusively upon the written contract into which she entered with the Frankel Chevrolet Company.

Holding as we do, the judgment of the Municipal Court is ordered reversed, and final judgment is entered in favor of plaintiff in error.

Vickery, PJ, and Weygandt, J, concur.