## PATTON v ALESSI et

Ohio Appeals, 5th Dist, Muskingum Co

Decided November 25, 1931

Howard Buker, Zanesville, for plaintiff in error.

John C. Bassett, Zanesville, for defendant in error.

MONTGOMERY, J.

The petition in error sets forth a number of grounds of error, but they all relate to the refusal of the Court to permit the introduction of these two exhibits, and the rendition of judgment upon the plaintiff then resting his case. So far as the defendant in error Leonerda Alessi is concerned, plaintiff's Exhibit No. 1, which was the broker's contract, was not signed by her. The petition does not allege that her husband represented her, or acted as her agent, or had any authority from her to sign. So far as she is concerned, the judgment of the Court of Common Pleas was right in any view of the case.

So far the defendant. in error Biagio Alessi is concerned, we hold that the plaintiff's Exhibit No. 1 was a sufficient memorandum in writing to bring the same within the requirements of the Statute of Frauds. However, the court was right in excluding from the jury the consideration of Exhibit No. 2, which was the contract entered into between Biagio Alessi and William A. Lorimer, and there being no other evidence offered by the plaintiff, the judgment of the Common Pleas Court was right in directing a verdict.

We say that the court properly excluded this Exhibit No. 2. This exhibit was before this court in Case No. 444, which is an action wherein Lorimer sought to enforce the specific performance of a contract, and this court held that the contract was so

vague and indefinite that it could not be enforced, and not being enforceable as to one of the parties thereto, it was likewise invalid as to the other, this court having held that that contract lacked "mutuality of obligation and remedy." To that holding, we still adhere, and as the contract was not enforceable, in our judgment the plaintiff in error did not procure a purchaser, or effect such a contract on the part of the defendant in error, Biagio Alessi, as to entitle him to any relief in this action. It is not sufficient that he should have procured a purchaser, ready, able and willing to take the property. It was necessary also that he should have procured the execution of an enforceable contract.

The doctrine is laid down in Ruling Case Law, Vol. 4, §46, as follows:

That a broker "is entitled to his commission when a binding contract is entered into between his employer and the person produced by him."

Finding no error in this record prejudicial to the plaintiff in error, it follows that the judgment of the Court of Common Pleas must be and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ and LEMERT, J, concur.