JOHNSON, APPELLANT, *v.* McKINNEY, APPELLEE.

(No. 1014—Decided January 14, 1950.)

*Messrs. Strelitz, Halberstein & Mitchell,* for appellant.

*Mr. William P. Moloney* and *Mr. J. D. Williamson,* for appellee.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Marion County, wherein plaintiff, an automobile salesman, seeks to recover from the defendant $12,-116.18 claimed to be due him as commissions for the sale of automobiles.

At the conclusion of the plaintiff's evidence, the defendant moved the court to arrest the testimony from the jury and direct a verdict in his favor. This motion was sustained and the court directed a verdict in favor of defendant.

It is from the judgment entered on that verdict that appeal is taken to this court.

The plaintiff's claim, as set forth in his amended petition, is based on an oral contract under the terms of which plaintiff was employed as a salesman to sell automobiles for the defendant. Plaintiff alleges that under the terms of the contract defendant agreed to deliver to purchasers motor vehicles sold by plaintiff and to pay plaintiff six per cent of the selling price upon delivery of each car sold, irrespective of whether at the time of delivery plaintiff was in the employ of defendant. Plaintiff claims that such sales amounted to $201,936.39, and that his commissions thereon amounted to $12,116.18.

Plaintiff's amended petition set forth further that on or about December 17, 1946, defendant sold his automobile agency to McKinney Motor Sales, Inc., an Ohio corporation organized and controlled by the defendant; that later, on or about January 12, 1948, defendant caused the McKinney Motor Sales, Inc., to sell the agency and all the assets thereof, including the purchase orders for automobiles obtained by plaintiff, to Eddie Steele, Inc., a corporation in which the defendant had no interest; and that thereby defendant intentionally rendered himself unable to deliver to the purchasers the automobiles purchased by them through the efforts of plaintiff, and unable to fulfill defendant's obligations under the terms of the contract of employment.

At the trial, plaintiff took the stand and testified as to the terms of his employment and the names of the purchasers from whom he had secured orders for automobiles and identified and offered in evidence the claimed written contract covering each purchase order upon which commissions were claimed to be due.

The record discloses that four forms of purchase orders were used by plaintiff in obtaining orders from customers for automobiles, all of which were furnished by defendant for plaintiff's use.

The plaintiff testified that upon the signing of an order for a car the purchaser made a deposit of $25 on the purchase price and that each purchaser was given a receipt for this deposit.

Although the order forms differ in several respects, a large number contain the following provision:

"This will acknowledge the receipt of the below named amount as a deposit for a new automobile. This deposit will be refunded at any time for any reason upon the cancellation of this order and presentation of this receipt."

The other forms used do not contain the above provision.

Plaintiff took the stand and testified as follows on cross-examination that all purchasers were notified that the deposit would be refunded upon the cancellation of the purchase order for any reason:

"35. That is correct. Now when they did that, Earl they had a right to take this money that they put up and get their names off of the list any time they wanted to, didn't they? A. That's right.

"37. Now, Earl, you told every person you took an order from that any time they wanted to take up their money and get off the list they had a right to do it. A. No, I didn't tell that to everybody I saw, they was on the receipt they got.

"38. It was on the receipt? A. That is right.

"39. And the very order that you took beginning here with January 8, 1946, here is one signed by the Peoples Trucking Company, the order itself, what you call an order, provided that they could come in at any time and take up their money and get off the list?

"40. Now, you knew that provision was in the order, Mr. Johnson? A. Yes sir.

"41. Now from time to time different forms of orders were used, were they not? A. Yes.

"42. But the person who signed was permitted to take up his money and get off the list regardless of form? A. That is right."

It was therefore established by the testimony of the plaintiff that the purchase orders upon which this action is based were not orders which could be enforced against the purchasers, and that all such orders could be cancelled for any reason, at any time, by the purchasers.

Plaintiff called as one of his witnesses Eddie Steele, the owner of Eddie Steele, Inc., the successor to defendant agency, who testified that no deliveries of automobiles had been made by him on any of the orders upon which this action is founded, and that at least 90 per cent of those orders had been cancelled and the deposits refunded.

Before the plaintiff is entitled to recover commissions on his sales he must show that he delivered to defendant enforceable orders for automobiles.

The testimony of the plaintiff was conclusive that he did not do so, and therefore, he is not entitled to any commissions on such claimed sales. *Patton* v. *Alessi,* 42 Ohio App., 91, 180 N. E., 387; *Hroval* v. *Krall,* 28 Ohio App., 46, 6 Ohio Law Abs., 40, 162 N. E., 437.

The plaintiff assigns as error the admission of evidence offered by the defendant to which the plaintiff objected. This assignment of error refers to the testimony of the plaintiff, given on cross-examination, relating to the right of purchasers to cancel their orders and secure a refund of their cash deposits.

Plaintiff complains that the admission of this testimony violates the rule that written contracts speak for themselves, and that a party's understanding of the language used in such a contract must be excluded from evidence.

The testimony offered neither construed the contract nor gave an understanding of one party of the language contained therein. This testimony was to the effect that at the time the written contracts were entered into there were oral conditions annexed to each contract, to wit, the privilege to cancel the purchase order and secure a refund of the amount placed on deposit.

The law recognizes the right to annex contemporaneous oral conditions precedent to a written contract.

The oral condition annexed in the present case was a condition precedent in that under it the written contract did not become effective as a contract of purchase except upon the subsequent nonexercise by the person, designated as purchaser, of his right to cancel the purchase order.

"Words are often used, therefore, the literal meaning of which would make some fact a condition subsequent to the duty of immediate performance, though the parties really mean to make its nonoccurence a condition precedent to such duty. So extraordinary, however, is an intention that a party to a contract shall be under a duty of immediate performance while a fact is still uncertain, on the existence of which the duty and any right of action for breach thereof ceases, that the clearest language is necessary to justify an interpretation giving that meaning to a contract. Generally, therefore, the form in which the requirement of a condition is stated is disregarded except with reference to procedure.

"b. In an action on a promise stated in absolute terms, but followed by the further statement that the duty will be terminated if a certain contingency occurs, the form of statement may have the effect of throwing the burden of pleading or of proof on the defendant, whereas the plaintiff must ordinarily plead and prove

the happening of conditions precedent." Restatement of the Law of Contracts, 370, 371, Section 259.

When this right to cancel is proven and the conditions set forth are met, the parties are bound thereby.

Permitting testimony tending to prove the annexing of conditions to purchase orders at the time said orders were taken is not varying the terms of a written contract by parol or permitting a party to give his understanding of the language used in a written contract.

The court, after construing the evidence most strongly in favor of the plaintiff, finds reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion is adverse to the plaintiff.

The trial court properly sustained defendant's motion to direct a verdict.

As we find no prejudicial error in any of the particulars set forth in the assignments of error and argued in the briefs, the judgment of the court below is affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., and JACKSON, J., concur.