DECISION AND JOURNAL ENTRY
Appellants Edgar M. Hoge and Donald W. Hoge appeal from a judgment of the Medina County Court of Common Pleas granting specific performance in favor of appellee Boblien, Inc. This Court reverses and remands for a determination consistent with this opinion.
Boblien brought suit against Edgar M. Hoge and Donald W. Hoge[1], claiming that the Hoges breached an option contract for Boblien to purchase a certain parcel of land. Boblien initially prayed for damages or, alternatively, specific performance, but dismissed its claims for damages prior to trial. Opening statements were made to the bench, and the matter was submitted on the record. Per the court's request, briefs were submitted by the parties regarding dower interest rights. The trial court found that Boblien was entitled to specific performance, subject to a set-off of dower interest rights.
The Hoges timely appeal, asserting five assignments of error.
 Assignment of Error No. I THE TRIAL COURT ERRED BY FAILING TO VITIATE THE CONTRACT AS A CONDITION PRECEDENT WAS NOT SATISFIED TO FORM A BINDING CONTRACT BETWEEN THE PARTIES.
 Assignment of Error No. II IS AN OFFER BY PURCHASER TO PAY ADDITIONAL MONIES A COUNTEROFFER?
 Assignment of Error No. III must the parties to a contract have a common intention, or meeting of the minds that is understood by the parties?
 Assignment of Error No. IV if the drafter of a real estate contract purposefully or carelessly excludes a signed release of a dower interest, knowing that THE PARTIES ARE MARRIED, AND THEN ATTEMPTS TO ENFORCE A RELEASE OF DOWER THROUGH A "GENERAL WARRANTY DEED" CAUSE TO OBVIATE A RELEASE OF DOWER, MAY A COURT THEN ORDER SPECIFIC PERFORMANCE ABSENT A WRITTEN RELEASE OF DOWER By THE DRAFTER OF THE REAL ESTATE CONTRACT?
 Assignment of Error No. V must consideration for the contract include detriment to the promissee or benefit to the promisor to constitute a binding, enforceable Contract?
 In the first assignment of error, the Hoges argue that there was a condition precedent to the option contract that never materialized, and, therefore, the trial court erred in granting specific performance in favor of Boblien. The Hoges contends that, although it was not written in the option contract, the option contract itself was conditioned upon Doris Hoge's approval to sell the land. Boblien argues that "the court's rejection of this claim is amply supported by the evidence."
A review of the judgment entry shows that the trial court did not reject the Hoges' claim, but failed to pass judgment on whether a condition precedent to the option contract existed:
 Plaintiff, Boblien, has abandoned its claims for relief at law and argues now only for the equitable remedy of specific performance. For this reason, other defenses interposed by Defendants, including condition precedent * * * are now moot. This Court is charged only with determining whether, in light of the particular facts and circumstances of this case, Plaintiff is entitled to equitable relief.
 This Court disagrees with the conclusion that the issue of whether a condition precedent to the contract existed was rendered moot by Boblien's dismissal of its damages claims. "A contract is not formed until all conditions precedent are satisfied." Riggs v. The Standard Slag Co. (Nov. 10, 1993), Summit App. No. 16199, unreported. "Even if both parties signed a purchase agreement, if a condition precedent was not fulfilled, then no contract to sell existed." Carter v. New Buckeye Redevelop. Corp. (April 2, 1998), Cuyahoga App. No. 72501, unreported. Therefore, the trial court could not pass judgment on the option contract until it determined either that there was not a condition precedent to the contract, that the condition precedent was invalid, or that the condition had been satisfied. The fact that the option contract is void of language concerning the purported condition precedent is not detrimental to the Hoges' claim. This Court has previously held:
 [P]arol evidence is * * * admissible to establish a condition precedent to the existence of a contract. "Parol evidence may be given to prove [a] separate oral agreement constituting [a] condition precedent to [the] attaching of obligation under contract." Frankel Chevrolet Co. v. Snyder (1930), 37 Ohio App. 378, 174 N.E. 751 [174 N.E.2d 751], paragraph one of the syllabus. Ohio law "recognizes the right to annex contemporaneous oral conditions precedent to a written contract." Johnson v. McKinney (1950), 90 Ohio App. 111, 115, 103 N.E.2d 825.
 (Alterations in original.) Riggs, supra. Accord Carter, supra. This is so because "[t]he parol evidence establishing a condition precedent does not contradict the terms of the document, but establishes a separate agreement that the document would only go into effect if certain conditions occurred." Carter, supra, citing Riggs, supra.
Accordingly, this Court reverses and remands for a determination of the Hoges' claim that because a condition precedent to the option contract never materialized, the option contact was never formed.
Given the disposition of the Hoges' first assignment of error, this Court need not address the remaining assignments. See App.R. 12(A)(1)(c).
The judgment of the court of common pleas is reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P.J., REECE, J., CONCUR.
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] The action was initially brought against Edgar and Donald Hoge, but the complaint was amended to include Edgar's wife Doris M. Hoge, and Donald's wife Patricia G. Hoge.