OPINION
{¶ 1} Appellant Mark L. Cecil, M.D. ("appellant") appeals the decision of the Stark County Court of Common Pleas that granted Appellee Orthopedic Multispecialty Network, Inc.'s ("OMNI") motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On August 1, 1996, appellant commenced his employment, with OMNI, as a spinal surgeon. On this date, appellant signed a written employment agreement which was later amended on March 12, 1999. The agreement and amendment provided for, among other things, a restrictive covenant which was effective until August 1, 2003. Appellant became a partner of the corporation on March 12, 1999.
 {¶ 3} On August 26, 2006, due to the departure of Dr. Erler, OMNI hired Dr. Grubb, in order to have two spinal surgeons on staff. OMNI employed Dr. Grubb pursuant to a written employment contract, which expired on December 31, 2003. Thereafter, appellant developed concerns regarding Dr. Grubb's employment. Appellant had numerous discussions with other OMNI shareholders regarding his concerns about Dr. Grubb. Most of these discussions occurred with Dr. Lohr, the CEO of OMNI. Following these discussions, it became clear that appellant desired to either have Dr. Grubb leave the practice or appellant would leave the practice when his contract expired on August 1, 2003.
 {¶ 4} During the spring of 2003, appellant continued to express his concerns with Dr. Lohr. Specifically, appellant wanted Dr. Grubb terminated and he also wanted more input on the issue of future spinal surgeons at OMNI. Dr. Lohr indicated that if Dr. Grubb was to be considered for termination, OMNI needed assurances that appellant would remain employed by OMNI. As a result of these discussions, OMNI extended appellant's employment contract for seven years commencing on June 1, 2003. The amended employment agreement contained a non-competition restrictive covenant that prohibited appellant from competing for a period of two years within a fifty mile radius. The agreement also provided appellant with new rights concerning the hiring and supervision of spinal surgeons at OMNI.
 {¶ 5} Without consulting legal counsel, appellant signed the amended agreement on June 16, 2003, with an effective date of June 1, 2003. The amended agreement expressly indicates that, "[i]n all other respects the Employment Contract between Corporation and Employee shall remain as originally written." The main employment contract contains the following language:
 {¶ 6} "SECTION 13 — AMENDMENT AND APPLICABLE LAW.
 {¶ 7} "No amendment to this Agreement shall be valid unless in writing and signed by both parties. The validity and interpretation of this Agreement, and the sufficiency of performance by any party of his obligations hereunder shall be controlled by the laws of the State of Ohio.
 {¶ 8} "SECTION 14 — PRIOR AGREEMENTS.
 {¶ 9} "All prior agreements between the parties regarding the terms and conditions of Employee's employment with the Corporation, including any prior employment contracts, and all amendments thereto, are hereby superseded in their entirety and replaced with the foregoing contract. To the extent that this Employment Contract and the terms of the Close Corporation Agreement between and among Corporation and its Shareholder should vary, the terms and conditions of the Close Corporation Agreement shall govern."
 {¶ 10} Approximately two weeks after appellant signed the amended employment agreement, appellant became dissatisfied that Dr. Grubb had not been terminated. Appellant and Dr. Lohr had a further discussion and appellant informed Dr. Lohr that he was resigning. However, appellant took no further action. On September 5, 2003, approximately two and one-half months after appellant signed the amended employment agreement, OMNI notified Dr. Grubb that his employment would be terminated effective December 31, 2003. Dr. Grubb and OMNI entered into an agreement wherein his handling of patients ceased as of October 31, 2003. OMNI continued to pay Dr. Grubb through December 31, 2003, as part of his severance package.
 {¶ 11} For eighteen months following Dr. Grubb's termination notice, appellant followed his employment contract as an OMNI employee. However, prior to May 2005, appellant began discussing potential employment with Spectrum Orthopedics. Spectrum Orthopedics is a competitor of OMNI in the Canton area. Appellant expressed an interest in working for Spectrum Orthopedics because the financial package and work conditions were more to his liking.
 {¶ 12} Thereafter, in May 2005, appellant advised OMNI of his intent to resign. OMNI informed appellant that it would enforce all rights under the terms of his employment contract. OMNI also informed Spectrum Orthopedics that it had a binding contract with appellant and that it would enforce its rights under the contract.
 {¶ 13} On August 31, 2005, appellant filed his complaint setting forth the following six causes of action: declaratory judgment; breach of oral agreement; fraudulent inducement; tortuous interference with prospective employment; breach of agreement; and fraudulent misrepresentation. On November 9, 2005, appellant filed an amended complaint alleging an additional claim for breach of fiduciary duty. OMNI filed an answer and a single-count counterclaim seeking declaratory judgment.
 {¶ 14} On October 28, 2005, appellant filed a motion to compel regarding the production of two letters and billing statements contained within the file of OMNI's corporate attorney, Fred Haupt, Esq. The trial court conducted a hearing on the motion to compel on November 4, 2005. On November 7, 2005, after an in camera review of the requested documents, the trial court held that said documents would be placed under seal and held pending the parties' completion of further discovery.
 {¶ 15} On February 23, 2006, appellant renewed its motion to compel regarding the letters and billing statements. Appellant also sought to compel Attorney Haupt to answer certain questions that appellant had asked at Attorney Haupt's deposition. The trial court denied appellant's motion on March 6, 2006, finding the requested information fell within the attorney-client privilege and that said privilege had not been waived.
 {¶ 16} OMNI filed its motion for summary judgment on January 26, 2006. The trial court granted OMNI's motion on March 13, 2006. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 17} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS CONDITION PRECEDENT CLAIM.
 {¶ 18} "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS PROMISSORY ESTOPPEL CLAIM.
 {¶ 19} "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS FRAUDULENT INDUCEMENT CLAIM.
 {¶ 20} "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE CONDITION PRECEDENT, PROMISSORY ESTOPPEL AND PROMISSORY FRAUD CLAIMS BY REASON OF THE PAROL EVIDENCE RULE.
 {¶ 21} "V. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS TORTIOUS INTERFERENCE CLAIM.
 {¶ 22} "VI. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS BREACH OF FIDUCIARY DUTY CLAIM.
 {¶ 23} "VII. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON HIS REQUEST FOR DECLARATORY RELIEF.
 {¶ 24} "VIII. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS TO COMPEL DISCOVERY."
 Summary Judgment Standard {¶ 25} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 26} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 27} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 28} It is based upon this standard that we review appellant's assignments of error.
 IV {¶ 29} We will address appellant's Fourth Assignment of Error first. In his Fourth Assignment of Error, appellant maintains the trial court erred when it granted summary judgment in favor of OMNI on his condition precedent, promissory estoppel and fraud claims by reason of the parol evidence rule. We disagree.
 {¶ 30} In the case sub judice, appellant relies upon parol evidence in support of the causes of action set forth in his amended complaint. The parol evidence relied upon by appellant concerns whether Dr. Lohr negotiated a binding contract term that Dr. Grubb would be promptly terminated upon appellant signing the amended employment agreement. Appellant claims that as part of his discussions with Dr. Lohr, it was agreed that Dr. Grubb would be promptly terminated, from his employment at OMNI, upon appellant signing the amended employment agreement. However, the amended employment agreement signed by appellant, on June 16, 2003, does not contain any such language regarding the prompt termination of Dr. Grubb.
 {¶ 31} In its judgment entry, the trial court concluded this "antecedent understanding" was inadmissible under the parol evidence rule and could not be used by appellant in support or defense of a motion for summary judgment. Judgment Entry, Mar. 13, 2006, at 7. In Galmish v. Cicchini, 90 Ohio St.3d 22,2000-Ohio-7, the Ohio Supreme Court discussed the parol evidence rule. In doing so, the Court stated as follows:
 {¶ 32} "The parol evidence rule states that `absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreement.' 11 Williston on Contracts (4 Ed. 1999) 5695-70, Section 33:4. Despite its name, the parol evidence rule is not a rule of evidence, nor is it a rule of interpretation or construction. Charles A. Burton, Inc.v. Durkee (1952), 158 Ohio St. 313, 324, 49 O.O. 174, 179,109 N.E.2d 265, 270. `The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract.' Id., paragraph one of the syllabus.
 {¶ 33} "As summarized by the Supreme Court of California inIn re Gaines' Estate (1940), 15 Cal.2d 255, 264-265,100 P.2d 1055, 1060:
 {¶ 34} "`The parol evidence rule, as is now universally recognized, is not a rule of evidence but is one of substantive law. It does not exclude evidence for any of the reasons ordinarily requiring exclusion, based on the probative value of such evidence or the policy of its admission. The rule as applied to contracts is simply that as a matter of substantive law, a certain act, the act of embodying the complete terms of an agreement in a writing (the "integration"), becomes the contract of the parties. The point then is, not how the agreement is to be proved, because as a matter of law, the writing is the agreement. Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written memorial supersedes these prior or contemporaneous negotiations.'
 {¶ 35} "The principal purpose of the parol evidence rule is to protect the integrity of written contracts. Ed Schory Sons,Inc. v. Soc. Natl. Bank (1996), 75 Ohio St.3d 433, 440,662 N.E.2d 1074, 1080. By prohibiting evidence of parol agreements, the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments. `It reflects and implements the legal preference, if not the talismanic legal primacy, historically given to writings. It effectuates a presumption that a subsequent written contract is of a higher nature than earlier statements, negotiations, or oral agreements by deeming those earlier expressions to be merged into or superseded by the written document.' (Footnotes omitted.) 11 Williston on Contracts, supra, at 5415-48, Section 33:1." Id. at 27-28.
 {¶ 36} The 2003 amended employment agreement does not reference Dr. Grubb nor does it promise to promptly terminate Dr. Grubb from his employment with OMNI. Accordingly, we agree with the trial court's conclusion that appellant's testimony regarding any such promise is parol evidence and therefore, is inadmissible to prove his claims against OMNI. Despite the fact that the evidence appellant seeks to introduce is barred by the parol evidence rule, appellant cites an exception, in the case law, which he argues is applicable to the facts of the case sub judice. We will address this exception and appellant's arguments regarding this exception as follows.
 {¶ 37} A. The Parol Evidence Rule as Applied to ConditionsPrecedent.
 {¶ 38} Ohio Courts have recognized that parol evidence is admissible to establish a condition precedent to the existence of a contract. See Coleman v. Fishhead Records, Inc. (2001),143 Ohio App.3d 537; Johnson v. McKinney (1950), 90 Ohio App. 111;Roan v. Hale (1950), 60 Ohio Law Abs. 559. Appellant maintains there is no conflict between the condition to terminate Dr. Grubb and the terms of the amended employment agreement. Specifically, appellant refers to the fact that no inconsistency exists concerning the executive committee's authority and its agreement to exercise its authority to terminate Dr. Grubb as a condition of the amended employment agreement. OMNI responds to appellant's argument by first noting that appellant's allegation that Dr. Lohr allegedly promised to terminate Dr. Grubb promptly in the future is a condition subsequent to the amended employment agreement and not a condition precedent.
 {¶ 39} A "condition precedent" is a condition "* * * to be performed before some right dependent thereon accrues, or some act dependent thereon is performed. A fact other than mere lapse of time which must exist or occur before a duty of immediate performance of a promise arises." It has also been defined as an act "* * * to be performed before the agreement becomes effective, and which calls for the happening of some event or the performance of some act after the terms of the contract have been arrested on, before the contract shall be binding on the parties." Black's Law Dictionary (6 Ed. 1990) 293.
 {¶ 40} As noted above, the conduct we are concerned with is Dr. Lohr's alleged promise to terminate Dr. Grubb's employment at OMNI. We find this alleged promise was not a condition precedent of appellant signing the amended employment agreement because the alleged promise to terminate Dr. Grubb was an event that was to happen in the future, after appellant signed the agreement.[1] Appellant signed the amended employment agreement on June 16, 2003, with an effective date of June 1, 2003. Although appellant admits that he expected Dr. Grubb to be terminated promptly after he signed the agreement, the evidence in the case does not establish that appellant expected Dr. Grubb to be terminated as a prerequisite to signing the amended employment agreement.
 {¶ 41} Further, even if we found that the alleged promise to terminate Dr. Grubb was a condition precedent, case law is clear that a condition precedent may not be shown by parol evidence when the condition precedent is inconsistent with the express terms of the writing. "When the subject matter of a condition precedent is dealt within the written instrument, in any form, the condition may not be shown by parol evidence to be different from the manner in which it is expressed in the writing." (Citations omitted.) Villa Realty Co., Inc. v. Allied Invest.Credit Co. (July 14, 1977), Cuyahoga App. No. 35585 at 5.
 {¶ 42} The subject matter of the condition precedent concerns the issue of termination of employment. Appellant claims Dr. Lohr promised to terminate Dr. Grubb promptly once he signed the amended employment agreement. However, the amended employment agreement specifically provides that the final decision regarding the termination of employment of existing spinal surgeon employees shall be made by OMNI's executive board. Clearly, the express language of the amended employment agreement contradicts the subject matter of the condition precedent. Therefore, the condition precedent may not be shown by parol evidence.
 {¶ 43} B. Satisfaction of Condition Precedent
 {¶ 44} Even if we were to determine that the parol evidence is admissible, the condition precedent was satisfied upon the termination of Dr. Grubb. Therefore, the trial court correctly concluded that the condition is moot. Once OMNI terminated Dr. Grubb's employment, appellant was bound by the terms of the amended employment agreement, which included the non-competition restrictive covenant.
 {¶ 45} On appeal, appellant challenges the length of time it took OMNI to terminate Dr. Grubb and claims that the condition was not satisfied because OMNI did not terminate Dr. Grubb promptly. However, the record establishes that the executive board hand-delivered a written letter to Dr. Grubb, on September 5, 2003, informing him that OMNI would terminate his employment at the end of his employment term, which was December 31, 2003. Dr. Grubb's last day of work with OMNI was October 31, 2003.
 {¶ 46} Appellant may not now seek to void his contract on the basis that OMNI did not terminate Dr. Grubb's employment promptly. Only two and one-half months expired between the time appellant signed the amended employment agreement and OMNI informed Dr. Grubb that it would be terminating his employment. There is no evidence in the record that appellant suffered any damages by Dr. Grubb continuing to treat patients until October 31, 2003.
 {¶ 47} Accordingly, as explained above, either with or without the application of the parol evidence rule, appellant may not maintain his causes of action for breach of condition precedent; lack of consideration; promissory estoppel; failing to permit termination under the contract; and fraud. Appellant's Fourth Assignment of Error is overruled. We also overrule appellant's First, Second, Third, Fourth, and Seventh Assignments of Error based upon our disposition of appellant's Fourth Assignment of Error.
 V {¶ 48} In his Fifth Assignment of Error, appellant contends the trial court erred when it granted summary judgment in favor of OMNI on his tortuous interference claim. We disagree.
 {¶ 49} In support of this assignment of error, appellant argues he has presented evidence that the parties agreed to "tear up" the amended employment agreement containing the restrictive covenant which Attorney Fred Haupt referenced in a letter to Spectrum Orthopedics. Appellant maintains this evidence presents a genuine issue of material fact as to whether OMNI had a legally protected interest which justified the interference.
 {¶ 50} A claim for tortuous interference with prospective business or contractual relations requires proof that one intentionally or improperly interfered with another's prospective contractual relations by either: (1) inducing or otherwise causing a third person not to enter into or continue with a prospective relation, or (2) preventing the plaintiff from acquiring or continuing a prospective relation. Hoyt, Inc. v.Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, citingWalter v. Murphy (1988), 61 Ohio App.3d 553, 555.
 {¶ 51} The following factors are to be considered in determining whether the alleged interference was improper: (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests interfered with; (4) the interests sought to be advanced by the actor; (5) the societal interests in protecting the freedom of action and the contractual interests of the plaintiff; (6) the proximity or remoteness of the interference; and (7) the relations of the parties. Norwell v. Cincinnati
(1999), 133 Ohio App.3d 790, 811.
 {¶ 52} In its judgment entry, the trial court found that appellant's argument regarding Dr. Lohr's promise to "tear up" the amended employment agreement failed for lack of consideration. Judgment Entry, Mar. 13, 2006, at 10. We agree with the trial court's conclusion as the record contains no evidence of additional consideration for Dr. Lohr's alleged promise to dispose of the amended employment contract.
 {¶ 53} We further agree with the trial court's finding that OMNI did not improperly interfere with appellant's potential contractual relationship with Spectrum Orthopedics. Rather, OMNI merely forwarded a letter, to Spectrum Orthopedics, advising them of the existence of the amended employment agreement and of its intent to enforce the terms of the agreement, including the non-competition restrictive covenant. We find nothing inappropriate with such a letter.
 {¶ 54} Appellant's Fifth Assignment of Error is overruled.
 VI {¶ 55} Appellant maintains, in his Sixth Assignment of Error, there is a genuine issue of material fact regarding acts of duplicity constituting a breach of fiduciary duty participated in by OMNI. We disagree.
 {¶ 56} In Count Seven of the complaint, appellant maintains OMNI violated its fiduciary duty owed to the minority shareholders and instead, acted on behalf of the controlling shareholders. Because OMNI is a close corporation, it owes a fiduciary duty by the majority shareholders to its minority shareholders. See Crosby v. Beam (1989), 47 Ohio St.3d 105. The trial court concluded, in its judgment entry granting summary judgment, that since the amended employment agreement is valid, OMNI had a right to defend its rights under the contract with appellant. Judgment Entry, Mar. 13, 2006, at 11.
 {¶ 57} Further, in his first amended complaint, appellant does not name any of the individual or collective majority shareholders. It is the majority shareholders that owe a duty to appellant. Because these individuals are not named in the complaint, we find appellant's breach of fiduciary duty claim must fail as a matter of law.
 {¶ 58} Appellant's Sixth Assignment of Error is overruled.
 VIII {¶ 59} In his Eighth Assignment of Error, appellant contends the trial court abused its discretion when it denied his motions to compel discovery. We disagree.
 {¶ 60} On February 23, 2006, appellant filed a motion to compel testimony at deposition and renewed his motion to compel production of documents. Appellant requested that Attorney Fred Haupt produce two letters and answers to certain questions posed to him at deposition. Appellant argued that Attorney Haupt waived the attorney-client privilege by sending two cease and desist letters that referred to statements made by and attributed to appellant. Following an in-camera inspection, on March 8, 2006, the trial court denied the motion finding the information fell within the attorney-client privilege and the privilege had not been waived. Judgment Entry, Mar. 8, 2006, at 1.
 {¶ 61} The Rules of Civil Procedure allow for liberal discovery. According to Civ.R. 26(B)(1), the scope of discovery includes "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." Despite this wide scope of permissible discovery, trial courts are given broad discretion in the management of discovery. State ex rel. Daggettv. Gessaman (1973), 34 Ohio St.2d 55, 57. Thus, an appellate court reviews discovery issues pursuant an abuse of discretion standard. Geggie v. Cooper Tire Rubber Co., Hancock App. No. 5-05-01, 2005-Ohio-4750, at ¶ 25. The Supreme Court has frequently defined the term abuse of discretion as implying the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 62} Pursuant to Ohio law, only the client can waive the attorney-client privilege. Lightbody v. Rust (2000),137 Ohio App.3d 658, 663. "Absent express consent, it is not within the power of the client's attorney to waive that privilege." Id., citing Maust v. Palmer (1994), 94 Ohio App.3d 764, 768; Statev. Shipley (1994), 94 Ohio App.3d 771, 775. Further, "[w]hen the client is a corporation, the privilege can be waived only by a decision of management." State v. Today's Bookstore, Inc.
(1993), 86 Ohio App.3d 810, 818. Accordingly, only OMNI could waive its attorney-client privilege. Attorney Haupt could not and did not waive this privilege by sending two letters that contained statements attributed to appellant.
 {¶ 63} Appellant also maintains, pursuant to the Ohio Supreme Court's decision in Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 661, that the attorney-client privilege does not attach in a situation where the advice sought by the client and conveyed by the attorney relates to some future unlawful or fraudulent transaction. Appellant argues that he was fraudulently induced into signing the amended employment agreement and therefore, an exception to the attorney-client privilege exists. Having concluded that the trial court properly granted summary judgment on appellant's fraud and breach of fiduciary duty claims, this argument is moot.
 {¶ 64} Appellant's Eighth Assignment of Error is overruled.
 {¶ 65} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] However, we do find the act of signing the amended employment agreement is a condition precedent to the promise to terminate Dr. Grubb's employment with OMNI because Dr. Lohr asked appellant to sign the amended employment agreement before Dr. Grubb's employment was terminated with OMNI. Dr. Lohr sought assurances from appellant that he would remain employed at OMNI before terminating Dr. Grubb.