THE BRODERICK CO. v. COLVILLE.

(Decided September 11, 1931.)

*Mr. Ralph Norpell,* for plaintiff in error.
*Messrs. Blair & Blair,* for defendant in error.

LEMERT, J.   There are no disputed facts in this case.   The plaintiff below, the Broderick Company, a concern engaged in the business of printing and manufacturing calendars, based its action against Frank Colville, or the Colville Feed & Supply Company, upon two written contracts signed by Colville for the delivery of a certain number of calendars each year for a period of five years; the Broderick Company claiming a breach of said contract and asking damages for Colville's failure and refusal to accept and pay for the calendars for the last four years.

There is no question that the calendars for the first year were received and paid for by Colville, and that he canceled the balance of said contract. It is the claim of the defendant below, Frank Colville, that while he signed the contracts they were not to become effective or binding upon him unless he should have the right of cancellation, prior to

March 1st, of any year's calendars. The claim of Colville is substantiated by other testimony in the case, and as to the terms of the contract as above set forth there is no dispute by the plaintiff in any manner; that is, the record discloses that the plaintiff called upon the defendant to try to sell him some advertising calendars; that the agent of plaintiff quoted him prices for a year's supply, and for a five-year supply; that, after a discussion, Colville told the agent he would buy the year's supply at the five-year price, but that he would not under any circumstances sign for a five-year period. The record discloses that after some discussion the defendant Colville and the agent for the plaintiff came to the following understanding and agreement: That Colville would sign the five-year contract upon condition that he be permitted to cancel any year's supply of calendars by giving the company notice prior to March 1st, that the agent said to Colville that he would take the matter up with the company, and that, unless the company would consent to such a right of cancellation, the contracts were not to become effective, the agent also informing Colville that, if such an agreement was not satisfactory to the company, the company would notify him. The record further discloses the fact to be that Colville never received any such notice.

The principal ground upon which the plaintiff in error is seeking a reversal of this case is based upon error in the court below in admitting over objection parol testimony to alter, change and contradict the terms of a written contract. We note that the last clause in the written contract reads as follows: "We certify to the correctness of this contract and that

all conditions and agreements relating thereto are embodied therein and that all the previous communications, either written or verbal, between the parties or their representatives relating to this order are hereby abrogated.''

From an examination of the testimony as revealed by the record, the question before us in this case is not so much the introduction of testimony to change or vary the terms of a written contract as it is the introduction of testimony to show that these contracts were delivered conditionally.

We believe it to be a well-founded principle of law that where the proof so shows, or a party against whom relief is sought on a written contract concedes, that the contract was placed in the possession of the adverse party, but claims that it was taken with the understanding that it was not to go into effect until some other or future event should happen, and that such event has not happened, such party is not seeking to vary or contradict the contract, but to show that no contract between the parties ever became effective. Evidence of conditions precedent to the taking effect of a written contract is therefore admissible.

In the case of *Ware* v. *Allen,* 128 U. S., 590, 9 S. Ct., 174, 32 L. Ed., 563, and also in *Phelps* v. *Abbott,* 114 Mich., 88, 72 N. W., 3, the rule is laid down that the making and delivering of a writing, no matter how complete a contract, according to its terms, is not a binding contract if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the performance and happening of the condition precedent.

In *Metzger* v. *Roberts*, 5 C. C. (N. S.), 344, 16 C. D., 675, it was held that parol evidence is admissible in an action between the parties to show that a written instrument executed and delivered, and absolute on its face, was conditional and was not to take effect until another event should take place.

Parol evidence may be admitted under Section 8121 of the General Code to show that the delivery of a note was conditional and that the note was not to become operative except upon the happening of a certain event.

So we find and hold that the court below was fully warranted in permitting the parol testimony in this case, and we further note that the court below very properly took care of the law in that part of his charge where he said:

"The negotiations, the agreements, and the talk between the parties * * *. None of these matters can be introduced and considered by a jury to add to, or take away from, or change, the terms of that written contract."

"On the other hand, members of the jury, if contracts are written between the parties, and those contracts are not delivered, or if some condition remains before they go into effect, and such is the agreement of the parties, verbal testimony is permitted to prove that, or attempt to prove it."

Therefore, entertaining the above views on this case, we find no error therein, and it follows that the judgment of the court of common pleas will be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.