**ROAN et, Plaintiffs-Appellees, v. HALE et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4400.   Decided June 14, 1950.

Ray E. Hughes, Columbus, for plaintiffs-appellees.
Vorys, Sater, Seymour & Pease, Byron E. Ford, of Counsel, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a law and fact appeal in which the plaintiffs seek to enforce the specific performance of a contract for the purchase and sale of certain real estate in the City of Columbus, Ohio. The defendants who are and were at the time of entering into the contract owners of the real estate in question, entered into a contract in writing with plaintiffs by the terms of which they agreed to sell and the plaintiffs agreed to purchase the said property for the sum of $10,000.00 conditioned on plaintiffs being able to secure a sufficient loan to carry out the contract. After the contract was signed plaintiffs made application to the Franklin Building & Loan Association for a loan and that company in turn applied to the Veterans Administration in Cincinnati for the proper authorization as a condition precedent to make what is known as a G. I. Loan. An appraisal was made by that department which fixed the valuation at $10,000.00 for the property in its then condition and $10,600.00 if certain repairs were made. By the terms of the contract the defendants were to furnish

an abstract showing a good title, but they refused to do so and refused to complete the contract unless the plaintiffs would purchase sòme of the household goods in the house for the sum of $2000.00 and assume a balance due on roof repairs which had been made after the parties had been negotiating, but before the contract was signed. The defense offered is that the defendants were induced to sign said contract on the plaintiffs' representation that they could not secure a loan if they were paying more than $10,000.00; that upon this representation the purchase price was reduced from $12,000.00 to $10,000.00 upon the plaintiffs' agreeing to pay $2000.00 for certain household goods. The defendants agree that these household goods were not worth $2000.00 but that this valuation was placed upon them for the purpose of receiving a total of $12,000.00. The plaintiffs both denied that there was any such agreement although they admitted that there was some conversation concerning the purchase of the household furniture for the amount as claimed by the defendants. The trial court in its opinion properly recognized that although the general rule is that parol evidence is inadmissible to vary the terms of the written contract, that there may be cases where parol evidence is admissible to prove a separate oral agreement constituting a condition precedent to the signing of the written instrument and where such condition precedent is proven and a separate agreement is breached by one of the parties, such breach may be a defense to the enforcement of the written contract. Since the written contract is admitted by all of the parties and the court recognized the proper legal principles applicable, the only remaining question is a factual one as to whether or not the collateral agreement was entered into. This was an affirmative defense and the burden was upon the defendants to establish it by a preponderance of the evidence. The trial court found that the defendants failed in their proof, and after a careful examination of the entire record we are in accord with the findings of the trial court and the reasons given in its written opinion. Our judgment therefore will be the same as that of the trial court.

HORNBECK and WISEMAN, JJ, concur.