BEATLEY et al., Appellees,

v.

KNISLEY et al., Appellants.

[Cite as *Beatley v. Knisley,* 183 Ohio App.3d 356, 2009-Ohio-2229.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–696.

Decided May 12, 2009.

Kevin E. Humphreys; and William J. Rees, for appellees.

James C. Becker, for appellants.

KLATT, Judge.

{¶ 1} Defendants-appellants, Katherine Knisley, Jaclyn Wanner, and Julianne L. Irene, appeal from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, Jack K. Beatley. For the following reasons, we reverse and remand.

{¶ 2} Defendants all attend college in Columbus. In January 2006, defendants began looking for rental housing in the Ohio State University campus area for the 2006–2007 school year. According to Knisley and Wanner, Lavon Baker, an agent for Beatley, showed them various rental properties on January 15 and 18, 2006. On the second day of touring Beatley's rental property, Knisley and Wanner found a unit that they liked at 136 E. Norwich. Before Baker would allow the girls to rent the unit, she made several telephone calls to Beatley. Baker then told Knisley and Wanner that they would have to satisfy three conditions before a lease on the unit would become binding. First, the girls needed to find someone willing to guarantee payments on their behalf and to sign a guarantor agreement. Second, the girls needed to submit a deposit of $1,460. And third, the girls needed to secure a fourth tenant to sign a lease and to occupy the unit. Baker informed Knisley and Wanner that they had only 24 hours to satisfy all three conditions.

{¶ 3} Knisley and Wanner completed rental applications and signed the lease that Baker presented to them. Later that day, Irene visited Beatley's offices. After Baker told Irene about the three conditions, Irene completed a rental application and signed the lease also. None of the conditions appeared in the lease itself.

{¶ 4} Beatley approved defendants' rental applications and signed the lease. He then withdrew the 136 E. Norwich unit from the market. Meanwhile, defendants failed to satisfy any of the conditions.

{¶ 5} Pursuant to the lease defendants signed, the lease term began on September 18, 2006. When defendants did not move into the unit on that day or the next, Beatley sent them a letter stating that they owed him $4,380 as of September 19, 2006, and that they would owe an additional $1,460 rental payment on October 1, 2006. Defendants all expressed surprise that they owed Beatley anything, as they had never completed the conditions Baker had set forth. When Beatley learned that defendants refused to take possession of the unit, he re-rented it.

{¶ 6} On November 17, 2006, Beatley filed suit against defendants for breach of contract. After the parties finished discovery, Beatley moved for summary judgment. In his motion, Beatley contended that defendants could not rely upon oral conditions precedent as a defense to his breach-of-contract claim. Beatley argued that because the lease was an integrated contract, the parol evidence rule barred evidence of any conditions precedent orally imposed prior to the signing of the lease. Apparently agreeing with Beatley's argument, the trial court granted him summary judgment on March 19, 2008.

{¶ 7} The trial court then held an evidentiary hearing regarding the amount of damages incurred and the measures Beatley undertook to mitigate his damages. On July 18, 2008, the trial court issued a judgment entry awarding Beatley damages against defendants in the amount of $10,054.92, plus costs and post-judgment interest of eight percent per annum. Defendants now appeal from the trial court's judgment, and they assign the following errors:

[1.] The trial court erred as a matter of law when it improperly barred appellants from offering testimony that appellee's agent was responsible for leasing the premises and that she made three oral conditions precedent to induce appellants to sign the lease.

[2.] The trial court erred as a matter of law when it improperly concluded that appellee mitigated his damages by adequately marketing and trying to re-rent the premises.

{¶ 8} Before considering the merits of defendants' assignments of error, we must address a procedural point raised by Beatley. According to Beatley, this

court should confine its review of this case to the trial court's July 18, 2008 judgment because defendants named only that judgment in their notice of appeal. In other words, Beatley asks this court to disregard defendants' first assignment of error because it challenges the March 19, 2008 entry granting summary judgment, and defendants did not designate that judgment entry as an order being appealed in their notice of appeal. We decline to so limit defendants' appeal.

{¶ 9} Pursuant to App.R. 3(D), a notice of appeal "shall designate the judgment, order or part thereof appealed from." However, this rule does not require an appellant to separately identify each interlocutory order issued prior to a final judgment. *Shaffer v. OhioHealth Corp.*, 10th Dist. No. 04AP–236, 2004-Ohio-6523, 2004 WL 2806417, ¶ 12; *Kvinta v. Kvinta*, 10th Dist. No. 02AP–836, 2003-Ohio-2884, 2003 WL 21291049, ¶ 20. Interlocutory orders merge into the final judgment, and thus an appeal from a final judgment allows an appellant to challenge both the final judgment and any interlocutory orders merged with it. *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 9; *Lingo v. Ohio Cent. RR., Inc.*, 10th Dist. No. 05AP–206, 2006-Ohio-2268, 2006 WL 1230679, ¶ 17; *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, ¶ 21.

{¶ 10} Here, the March 19, 2008 judgment entry granting Beatley summary judgment was an interlocutory order because it failed to completely dispose of Beatley's claim. See *Parrett v. Univ. of Cincinnati Police Dept.*, 10th Dist. No. 02AP–220, 2002-Ohio-5076, 2002 WL 31122980, ¶ 9 (" 'entry of judgment by the trial court in favor of the plaintiff on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order' "). As an interlocutory order, the March 19, 2008 judgment entry merged with the July 18, 2008 final judgment. Therefore, defendants did not need to name the March 19, 2008 judgment entry in their notice of appeal.

{¶ 11} By defendants' first assignment of error, they argue that the trial court erred in granting summary judgment to Beatley. Defendants maintain that the parol evidence rule does not bar evidence of oral conditions precedent and that defendants' testimony created a genuine issue of material fact as to whether three oral conditions precedent existed and whether the failure of those conditions precedent prevented the lease from becoming effective. We agree.

{¶ 12} Appellate review of summary judgment motions is de novo. *Andersen v. Highland House Co.* (2001), 93 Ohio St.3d 547, 548, 757 N.E.2d 329. " 'When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.' " *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, 861

N.E.2d 920, ¶ 11, quoting *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶ 13} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. Id. If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.

{¶ 14} The parol evidence rule is a substantive rule of law developed centuries ago to protect the integrity of written contracts. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074; *Charles A. Burton, Inc. v. Durkee* (1952), 158 Ohio St. 313, 49 O.O. 174, 109 N.E.2d 265, paragraph one of the syllabus. According to this rule, " 'the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569–570, Section 33:4. See also *Bellman v. Am. Internatl. Group,* 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, ¶ 7, quoting Black's Law Dictionary (8th Ed.2004) ("The parol-evidence rule is a principle of common law providing that 'a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing' "). By prohibiting the introduction of extrinsic evidence to alter or supplement the parties' final, complete expression of their agreement, the parol evidence rule ensures the stability, predictability, and enforceability of written contracts and " 'effectuates a presumption that a subsequent written contract is

of a higher nature than earlier statements, negotiations, or oral agreements.' " *Galmish* at 27, 734 N.E.2d 782, quoting 11 Williston on Contracts 541–48, Section 33:1.

{¶ 15} Ohio courts have long recognized exceptions to the parol evidence rule. *Galmish*, 90 Ohio St.3d at 27, 734 N.E.2d 782 (excepting instances of "fraud, mistake or other invalidating cause" from the parol evidence rule). Among these exceptions is the allowance of extrinsic evidence to prove a condition precedent to a contract. *Cecil v. Orthopedic Multispecialty Network, Inc.*, 5th Dist. No. 2006 CA 00067, 2006-Ohio-4454, 2006 WL 2474349, ¶ 38 ("Ohio [c]ourts have recognized that parol evidence is admissible to establish a condition precedent to the existence of a contract"); *Carter v. New Buckeye Redev. Corp.* (Apr. 2, 1998), 8th Dist. No. 72501, 1998 WL 158855 ("Parol evidence is admissible to establish a condition precedent [that] was orally agreed upon, although the condition precedent was not included in the contract language"); *Riggs v. Std. Slag Co.* (Nov. 10, 1993), 9th Dist. No. 16199, 1993 WL 473817 (holding that parol evidence "is admissible to establish a condition precedent to the existence of a contract"); *Roan v. Hale* (1950), 102 N.E.2d 603, 604, 60 Ohio Law Abs. 559, 560 ("parol evidence is admissible to prove a separate oral agreement constituting a condition precedent to the signing of the written instrument"); *Johnson v. McKinney* (1950), 90 Ohio App. 111, 115, 103 N.E.2d 825 ("The law recognizes the right to annex contemporaneous oral conditions precedent to a written contract"); *Dependabilt Homes, Inc. v. Haettel* (1947), 81 Ohio App. 422, 424, 37 O.O. 251, 76 N.E.2d 616, quoting *Frankel Chevrolet Co. v. Snyder* (1930), 37 Ohio App. 378, 174 N.E. 751, paragraph one of the syllabus (" 'Parol evidence may be given to prove separate oral agreement constituting condition precedent to attaching of obligation under contract' ").

{¶ 16} Courts admit extrinsic evidence of a condition precedent because satisfaction of such a condition must occur before a contract comes into existence. *Russell v. Daniels–Head & Assoc., Inc.* (June 30, 1987), 4th Dist. No. 1600, 1987 WL 13943; *Broderick Co. v. Colville* (1931), 41 Ohio App. 449, 451–452, 179 N.E. 810. See also *Mumaw v. W & S. Life Ins. Co.* (1917), 97 Ohio St. 1, 11, 119 N.E. 132 (holding that a contract is not effective until the performance of the conditions precedent and that a condition precedent "calls for the happening of some event, or the performance of some act, after the terms of the contract have been agreed on, before the contract shall be binding on the parties"). Thus, parol evidence establishing a condition precedent does not modify the terms of a written contract but instead determines whether the contract ever became effective. *Hiatt v. Giles*, 2nd Dist. No. 1662, 2005-Ohio-6536, 2005 WL 3346172, ¶ 31; *Coleman v. Fishhead Records, Inc.* (2001), 143 Ohio App.3d 537, 543, 758 N.E.2d 694, fn. 4; *Boblien, Inc. v. Hoge* (June 7, 2000), 9th Dist. No. 2967–M,

2000 WL 727539. The parol evidence rule does not preclude evidence that contradicts the very existence or validity of an alleged contract. *Miller v. Lindsay–Green, Inc.*, 10th Dist. No. 04AP–848, 2005-Ohio-6366, 2005 WL 3220215, ¶ 54, quoting 11 Williston on Contracts 612–615, Section 33:14; *Mangano v. Dawson* (June 13, 1995), 7th Dist. No. 93–C–72, 1995 WL 358685; *McPherson v. Inland Steel Dev. Corp.* (Feb. 14, 1980), 10th Dist. No. 79AP–254, 1980 WL 353283.

{¶ 17} In the case at bar, defendants each testified that Baker told them that they had to perform three acts: (1) obtain a guarantor, (2) pay a $1,460 deposit, and (3) produce a fourth tenant. Defendants contend that Baker stated that they needed to complete each act before the lease would be binding. Thus, defendants have created a genuine issue of material fact as to whether Beatley (through his agent) imposed oral conditions precedent to the existence of the lease. Contrary to Beatley's argument, the parol evidence rule would not prohibit this evidence.

{¶ 18} Moreover, Beatley cannot rely upon the integration clause as a bar to the introduction of evidence of the alleged oral conditions precedent. The rule of contract integration is a corollary principle to the parol evidence rule, as the degree of integration determines whether the parol evidence rule applies to a contract. *Galmish*, 90 Ohio St.3d at 28, 734 N.E.2d 782 ("The parol evidence rule applies, in the first instance, only to integrated writings * * * "); *Miller* at ¶ 37 ("A corollary principal [sic] to the parol evidence rule is the rule of contract integration, whereby the degree of finality and completeness of a contract determines whether the parol evidence rule is applicable"). Logically, then, where the parol evidence rule does not apply, neither does the rule of contract integration.

{¶ 19} Although the parol evidence rule does not preclude extrinsic evidence of a condition precedent, courts do not completely abandon the principles behind that rule when dealing with alleged oral conditions precedent. To preserve the integrity of the written contract, a party may not introduce extrinsic evidence of an oral condition precedent when the written contract addresses the subject matter of the condition precedent and the contractual terms are inconsistent with the condition precedent. *Cecil* at ¶ 41; *Hiatt* at ¶ 32; *Villa Realty Co., Inc. v. Allied Invest. Credit Co.* (July 14, 1977), 8th Dist. No. 35585, 1977 WL 201215. "When the subject matter of a condition precedent is dealt with in the written instrument, in any form, the condition may not be shown by parol evidence to be different from the manner in which it is expressed in the writing." Id. at *5.

{¶ 20} In the case at bar, the lease addresses the subject matter of each of the alleged oral conditions precedent, although with varying degrees of specificity. With regard to the requirement that defendants' obtain a guarantor, the lease states that "[e]ach tenant may be required to have a Guarantor * * *." With regard to the requirement that defendants pay a $1,460 deposit, the lease provides that defendants "will be charged" one of the following: (1) a $1,460 "holding deposit" in consideration for holding the unit and withdrawing it from the market,[1] (2) a liquidated-damage fee equal to the annual rental amount minus any re-rental income, or (3) a $1,460 fee if Beatley re-rented the unit within 30 days of the rental term. With regard to the requirement that defendants find a fourth tenant to sign the lease, the lease requires only that "[t]he premises shall be occupied by no more than 4 persons * * *."

{¶ 21} None of these provisions is inconsistent with the alleged oral conditions precedent. The requirement that defendants must obtain a guarantor is actually congruous to the relevant lease provision, as it resolves whether Beatley invoked that provision and required defendants to secure a guarantor. Although the lease discusses the possibility that potential tenants may owe a "holding deposit" under the lease, that possibility does not conflict with a condition precedent that defendants must pay a deposit before the lease would become binding. Finally, the imposition of a maximum-occupancy rate does not contradict the alleged oral condition precedent requiring a minimum-occupancy rate.

{¶ 22} Because the lease terms and the alleged oral conditions precedent are not inconsistent, defendants may introduce extrinsic evidence of the three alleged oral conditions precedent. As Beatley contests the existence of those alleged conditions precedent, defendants have established a genuine issue of material fact that precludes summary judgment. If a factfinder believes defendants, then the nonoccurrence of the conditions precedent prevented the lease from ever becoming effective and defendants cannot be held liable for breach of a nonexistent lease. If, on the other hand, a factfinder believes Beatley, then defendants breached a viable lease when they refused to take possession of the unit, and Beatley is entitled to damages. Accordingly, the trial court erred in granting summary judgment in Beatley's favor, and thus we sustain defendants' first assignment of error.

{¶ 23} Because the trial court erred in finding defendants liable even though a genuine issue of material fact remained undecided, we must reverse the trial court's judgment. Therefore, we conclude that the second assignment of error, which challenges the trial court's determination of damages, is moot.

---

1. The lease states that the holding deposit will convert into a security deposit upon occupancy of the unit.

{¶ 24} For the foregoing reasons, we sustain defendants' first assignment of error, and we find defendants' second assignment of error moot. We accordingly reverse the judgment of the Franklin County Municipal Court, and we remand this matter to that court for further proceedings consistent with law and this opinion.

Judgment reversed
and cause remanded.

FRENCH, P.J., and BRYANT, J., concur.