[Cite as *Hugenberg v. Huntington Bancshares, Inc.*, 2012-Ohio-3344.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PAUL HUGENBERG, III, | ) | CASE NO.    11 CO 31 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| HUNTINGTON BANCSHARES, INC., | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                   Case No. 10CV592.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellant:            Paul Hugenberg, III, *Pro se*
                                   8574 Reserve Court
                                   Poland, Ohio  44514


For Defendant-Appellee:            Attorney Kerin Kaminski
                                   Attorney Rachael Israel
                                   1300 East Ninth Street
                                   Cleveland, Ohio  44114


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                   Dated:  June 25, 2012

VUKOVICH, J.

{¶1} Plaintiff-appellant Paul Hugenberg appeals the decision of the Columbiana County Common Pleas Court which upheld the decision of the arbitrator finding that defendant-appellee Huntington Bancshares, Inc. is not required to pay severance to appellant. Appellant argues that the arbitrator exceeded his power by using parol evidence to find that certain conditions had to be met before the signed severance agreement became effective. Because courts have limited power of review over an arbitrator's decision and because the arbitrator's decision was supported by case law on the use of parol evidence to ascertain a condition precedent to a contract, the arbitrator did not exceed his power.

{¶2} Appellant alternatively argues that the arbitrator was "guilty of misconduct" in refusing to admit other parol evidence in the form of agreements allowing his two managers to collect severance even though they obtained work with the outsourcing provider. However, this decision does not necessarily constitute misconduct as such evidence could be just as prejudicial to appellant as it could be beneficial, because it served to emphasize that appellant was not offered a similar deal specifically allowing severance even where substitute employment is accepted. For these reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶3} Appellant worked in the internal audit department of Sky Financial Group, Inc., nka Huntington Bancshares, Inc. (the Bank). The Bank decided to outsource the functions of this department to Crowe Chizek (the outsourcing provider). In January of 2003, the bank provided a Severance Agreement and Release, containing an arbitration clause, to appellant for his perusal.

{¶4} The agreement explained that appellant's termination date would be March 21, 2003 but that he could voluntarily terminate after the "work through" date of February 14, 2003 and still be eligible for approximately $20,000 worth of severance payments, some of which represented an allowance for health insurance. The agreement stated that it contained the entire agreement between the parties concerning the subject matter therein and that it superseded any and all prior

agreements, understandings, discussions, negotiations, and undertakings, whether written or oral. The agreement required amendments to be in writing and signed by both parties.

**{¶5}** Appellant signed the agreement on March 1, 2003, and the Bank signed on March 5, 2003. Appellant then worked through March 21, 2003. The next workday, he began substitute employment at the Bank's outsourcing provider. The Bank did not pay appellant severance upon his move to the outsourcing provider, and appellant did not demand severance until 2008. After the Bank refused his request, appellant filed a complaint for breach of contract in June of 2010.

**{¶6}** The court case was stayed pending arbitration at the Bank's request. At arbitration, the Bank argued that the Severance Agreement and Release was subject to a condition precedent in the form of a Severance Payment Plan, which established criteria for severance eligibility and which criteria appellant did not fulfill as he accepted employment with the outsourcing provider. Appellant responded that because the four corners of the Severance Agreement and Release entitle him to severance without referring to any Severance Payment Plan, such a plan cannot be viewed.

**{¶7}** The May 30, 2011 arbitrator's decision held in favor of the Bank. The arbitrator found that the Bank had established a Severance Payment Plan which required four conditions to be met before entitlement to severance existed: (1) the employee must maintain acceptable levels of performance until the "work through" date; (2) the employee must sign a release of all claims against the Bank; (3) the employee must not refuse an offer from the Bank for "reasonable alternative employment"; and (4) the employee must not be hired, retained, or employed by an "outsourcing provider."

**{¶8}** The arbitrator noted that signing the Severance Agreement and Release fulfilled the second condition and found that the fourth condition was absent here, explaining that the Bank signed the agreement in anticipation that appellant was not going to accept employment with its outsourcing provider. The arbitrator cited case law which allows the admission of extrinsic evidence to establish a

condition precedent to the existence of a contract, which is an exception to the parol evidence bar. The arbitrator concluded that the eligibility requirements in the Severance Payment Plan constituted a condition precedent to payment under the Severance Agreement and Release.

{¶9}  On July 1, 2011, appellant filed a timely motion to vacate the arbitrator's decision in the trial court case. See R.C. 2711.13. In pertinent part, he argued that the arbitrator exceeded his authority by ignoring the plain language of the agreement and that the arbitrator improperly refused to hear evidence material to the case regarding two managers whose agreements specifically allowed them to receive severance and to work at the outsourcing provider.

{¶10} On September 21, 2011, the trial court affirmed the decision of the arbitrator and entered judgment in favor of the Bank. As to the agreements referencing the two managers, the court noted that appellant was permitted to use the two documents to question witnesses but that they were not thereafter admitted because none of the witnesses had personal knowledge of the documents. The court concluded that there was no evidence that the failure to admit these documents denied appellant the right to a fair hearing or prejudiced him.

{¶11} The trial court also explained that a court reviewing an arbitrator's decision does not conduct the same review claimed factual or legal errors as that conducted by an appellate court when reviewing a trial court judgment. The court found that the arbitrator was arguably applying the contract and the relevant law on concerning a condition precedent. Thus, the trial court upheld the decision that parol evidence of a condition precedent was admissible to show that appellant was not entitled to severance if he accepted employment with the outsourcing provider. Appellant filed timely notice of appeal in this court.

<u>GENERAL STANDARD OF REVIEW</u>

{¶12} Appellant relies on divisions (C) and (D) of R.C. 2711.0, which allow vacation where the arbitrator exceeded his power or was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or of other misbehavior by which a party's rights have been prejudiced. A trial court's ability to

vacate an arbitrator's decision is narrow and limited by statute. *See* R.C 2711.10 (setting forth the criteria for vacating an arbitrator's decision). *See also* R.C. 2711.11 (setting forth the criteria for modifying or correcting a decision); R.C. 2711.13 (setting forth the timeliness requirements).

**{¶13}** The policy underlying the narrow standard of review and the presumption of the validity of an arbitrator's decision revolves around the concept that: "Contracting parties who agree to submit disputes to an arbitrator for final decision have chosen to bypass the normal litigation process. If parties cannot rely on the arbitrator's decision (if a court may overrule that decision because it perceives factual or legal error in the decision), the parties have lost the benefit of their bargain." *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.,* 98 Ohio App.3d 45, 52, 647 N.E.2d 844 (1994).

**{¶14}** Thus, courts do not review claims of factual or legal error by an arbitrator like an appellate court does when it reviews decisions of lower courts. *Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union*, 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001). The particular standards relevant to each statutory division will be further explored below where raised.

ASSIGNMENT OF ERROR NUMBER ONE

**{¶15}** Appellant sets forth two assignments of error, the first of which provides:

**{¶16}** "THE TRIAL COURT ERRED BY FAILING TO VACATE OR MODIFY THE ARBITRATOR['] S DECISION WHEN THE ARBITRATOR IGNORED THE CLEAR AND UNAMBIGUOUS LANGUAGE OF THE CONTRACT."

**{¶17}** Under this assignment of error, appellant argues that the arbitrator exceeded his powers in violation of R.C. 2711.10(D). An arbitrator exceeds his powers if the decision does not "draw its essence" from the underlying contract. *See United Paperworkers Internatl. Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.,* 22 Ohio St.3d 80, 84, 488 N.E.2d 872 (1986) (dealing with collective bargaining agreements); *Handel's Ent., Inc. v. Wood*, 7th Dist.

Nos. 04MA238, 05MA70, 2005-Ohio-6922, ¶ 23 (applying rule to all contracts subject to arbitration).

**{¶18}** An arbitrator's decision draws its essence from the contract if there is a rational nexus between the decision and the contract being interpreted and if the decision is not arbitrary, capricious, or unlawful. *Mahoning Cty. Bd. of MRDD*, 22 Ohio St.3d at 84. Reviewing courts cannot reverse based upon disagreements with factual findings or misinterpretation of the contract. *United Paperworkers*, 484 U.S. at 38; Southwest, Ohio St.3d at 110. Thus, as long as the arbitrator is arguably construing or applying a contract and acting within the scope of his authority, even serious errors are not grounds for vacation of the award. *United Paperworkers*, 484 U.S. at 38.

**{¶19}** Conversely, an arbitrator's decision departs from the essence of a contract if: (1) it conflicts with the express terms of the contract, or (2) it is without rational support or cannot be rationally derived from the terms of the contract. *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps Assn., Local 11*, 59 Ohio St.3d 177, 183, 572 N.E.2d 71 (1991) (reversing decision which imposed additional requirements not expressly provided in the agreement and which could not be rationally derived from the terms of the agreement, and finding that arbitrator exceeded his power by creating a contract rather than applying the contract agreed to by the parties).

**{¶20}** There is no dispute on appeal that the plain language of the agreement containing the arbitration clause provides for payment to appellant if he signed the agreement and worked past February 14, 2003. There is also no dispute that the agreement does not refer to a condition precedent existing outside of the document. Rather, it contains an integration clause, stating that it is the entire agreement and that it supersedes any prior agreements or discussion.

**{¶21}** Nor has it been factually disputed on appeal that a Severance Payment Plan exists which states that accepting work with an "outsourcing provider" precludes the right to severance. The core question is whether the arbitrator exceeded his power by considering parol evidence in the form of an unsigned Severance Payment

Plan instead of constraining his decision to the four corners of the Severance Agreement and Release signed by appellant and the bank.

{¶22} The parol evidence rule provides that a writing intended to be the final embodiment of the parties' agreement (known as "the integration") cannot be supplemented, varied, or contradicted by extrinsic evidence of prior or contemporaneous agreements, either oral or written. *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 734 N.E.2d 782 (2000). The doctrine protects the integrity of a subsequent written contract, which is of a higher nature than earlier statements, negotiations, or oral agreements. Id. Thus, where the parties make promises during negotiations, these promises are said to be integrated into the final signed writing, and where said writing is unambiguous, parol evidence cannot be admitted to prove the prior promises. *East Liverpool v. Buckeye Water Dist.*, 7th Dist. No. 08CO19, 2010-Ohio-3170, ¶ 41.

{¶23} There are, however, exceptions to the parol evidence bar. For instance, extrinsic evidence can be used to show fraud in inducing a contract as long as the parol evidence does not directly contradict the terms of the signed writing. *Galmish*, 90 Ohio St.3d at 29. "[A]n oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms." *Id.*, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 533 N.E.2d 325 (1988). Attempts to prove contradictory assertions are exactly what the parol evidence bar was designed to exclude. *Id.*, citing Shanker, Judicial Misuses of the Word Fraud to Defeat the Parol Evidence Rule and the Statute of Frauds (With Some Cheers and Jeers for the Ohio Supreme Court), 23 Akron L.Rev. 1, 7 (1989).

{¶24} If the parol evidence used to show fraud in the inducement is independent of the written instrument or does not directly contradict the signed writing, then it is admissible. *Id.* at 29-30. And, an integration clause does not vitiate this exception. *Id.* at 28 ("an integration clause makes the final written agreement no more integrated than does the act of embodying the complete terms into the writing.").

**{¶25}** Although we are not dealing with a claim of fraud, the principles surrounding the extent of that exception are instructive as they are similar to the principles surrounding the exception raised here: parol evidence to show a condition precedent to the writing taking effect. That is, the condition precedent exception is raised by a party claiming the agreement is contingent or dependent upon a condition precedent.

**{¶26}** Parol evidence establishing a condition precedent is not considered to be a modification of the terms of the writing when it merely determines whether the writing ever became effective. *Beatley v. Knisley*, 183 Ohio App.3d 356, 917 N.E.2d 280, 2009-Ohio-2229, ¶ 16 (10th Dist.); *Boblien, Inc. v. Hoge*, 9th Dist. No. 2967-M (June 7, 2000); *Riggs v. Standard Slag Co.*, 9th Dist. No. 16199 (Nov. 10, 1993) (Ohio law recognizes a right to annex contemporaneous oral conditions precedent to a written contract where the parol evidence does not contradict the terms of the writing). Thus, the parol evidence rule does not preclude condition precedent evidence that contradicts the very existence or validity of an alleged contract if that condition would not alter the terms of the agreement but would merely determine whether the agreement became effective. *Bull Run Props., L.L.C. v. Albkos Props., L.L.C.*, 11th Dist. No. 2011-L-003, 2011-Ohio-5712, ¶ 24, citing *Coleman v. Fishhead Records, Inc.,* 143 Ohio App.3d 537, 543, 758 N.E.2d (8th Dist.2001) fn.4; *Beatley*, 183 Ohio App.3d 356 at ¶19.

**{¶27}** It is only when the written contract addresses the subject matter of the condition precedent and the contractual terms are inconsistent with the condition precedent that the condition precedent is declared inadmissible. *Beatley*, 183 Ohio App.3d 356 at ¶ 19, citing *Cecil v. Orthopedic Multispecialty Network, Inc.*, 5th Dist. No. 2006CA00067, 2006-Ohio-4454, ¶ 41; *Hiatt v. Giles*, 2nd Dist. No. 1662, 2005-Ohio-6536, ¶ 32; *Villa Realty Co., Inc. v. Allied Invest. Credit Co.*, 8th Dist. No. 35585 (July 14, 1977).

**{¶28}** Accordingly, like the fraud exception outlined by the Supreme Court in *Galmish*, the arbitrator could reasonably conclude that the condition precedent exception also states that a parol agreement that does not specifically contradict the

terms of the agreement (as the agreement is silent on the subject matter of the parol agreement) can be admitted to show that the contract never became effective due to the failure of a condition precedent.

{¶29} Appellant notes that in *Allied*, this court discussed exceptions to the parol evidence doctrine and held that extrinsic evidence of a condition precedent could only be admitted if there existed an ambiguity and then only if the parol evidence was not inconsistent with the contract. *Allied Erecting & Dismantling Co., Inc. v. Ohio Edison Co.*, 7th Dist. No. 10MA25, 2011-Ohio-2627, ¶ 20-21, 27, 30. We distinguished a Supreme Court case, noting that parol evidence was admissible in that case because the face of contract showed it was part of a larger transaction and thus was ambiguous. *Id.* at ¶20, citing *Center Ridge Ganley, Inc. v. Stinn*, 31 Ohio St.3d 310, 511 N.E.2d 106 (1987) (where the Supreme Court found that the agreement on its face was not complete but was part of a larger transaction and thus allowing parol evidence that such agreement was contingent upon other agreement whose terms were not contradictory). We then affirmed the refusal to allow parol evidence of an oral agreement to show that a written transformer contract was contingent upon an overall agreement to build a substation because the transformer agreement was not ambiguous and it contained an integration clause purporting to be the final agreement. *Id.* at ¶ 21-23.

{¶30} In discussing what was termed another exception to the parol evidence bar, *Allied* also stated that extrinsic evidence to show that a writing is a partial integration is only permissible to consistently clear up ambiguous terms as the question of partial integration must be determined from the writings four corners. *Id.* at ¶ 27, 29, quoting *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 276, 638 N.E.2d 572.

{¶31} Initially, we note that there is no indication that *Allied* was cited to the arbitrator. We do know, on the other hand, that the arbitrator had before it the condition precedent holdings in *Beatley* and *Broderick*. In fact, appellant cited holdings such as *Riggs*, not *Allied*, to the trial court as the test for condition precedent evidence. *See Riggs*, 9th Dist. No. 16199 (Ohio law recognizes a right to annex

contemporaneous oral conditions precedent to a written contract where the parol evidence does not contradict the terms of the unambiguous writing).

**{¶32}** In any event, we point to the Supreme Court's holding in *Galmish* that "an integration clause makes the final written agreement no more integrated than does the act of embodying the complete terms into the writing." *Galmish*, 90 Ohio St.3d at 28. Thus, the integration clause does not preclude the application of a parol evidence exception. *See id.* The Court also stated that "[t]he parol evidence rule applies, in the first instance, only to integrated writings * * *." *Id.* at 28. Thus, if a document is not integrated on its face, there would be no need to apply the parol evidence bar and to then ascertain whether any claimed exceptions apply. *See Center Ridge*, 31 Ohio St.3d at 313 (stating {in a one paragraph alternative holding} that the contract was not complete on its face and thus parol evidence was admissible without applying an exception to the parol evidence bar).

**{¶33}** Most pertinent, the arbitrator could have reasoned that it is already standard contract law that parol evidence can be used to explain ambiguous terms as the parol evidence bar applies to exclude extrinsic evidence where the contract is unambiguous. Thus, the exceptions to the parol evidence bar would likewise come into play only after the contract is found to be unambiguous. In other words, if the contract was ambiguous, there would be no need to resort to exceptions to the parol evidence ban.

**{¶34}** Regardless, it must be emphasized that the *Allied* case, among most others, did not involve the review of an arbitrator's decision. Rather, the *Allied* court was conducting its typical appellate review for legal errors.

**{¶35}** We do not reverse an arbitrator's decision based upon our disagreement with factual findings, contract interpretation, or interpretation of law. *Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union*, 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001). *See also United Paperworkers Internatl. Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (as long as the arbitrator is arguably construing or applying a contract and acting within the scope of his authority, even serious errors are not grounds for vacation of the award). The

arbitration was binding, and the ability of a court to review the decision is narrow and limited in that we do not have the power to review for legal errors as we do when we review a regular trial court decision. *Southwest*, 91 Ohio St.3d at 110. *See also United Paperworkers*, 484 U.S. at 38. Otherwise, the entire purpose of arbitration would be erased. *See Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 52, 647 N.E.2d 844 (1994).

**{¶36}** The arbitrator cited case law in support and found that the Severance Payment Plan did not conflict with the Severance Agreement and Release because the latter agreement did not mention employment with the outsourcing provider (or employment in another division of the Bank for instance). The arbitrator exercised his authority as contract interpreter to come to the conclusion that the condition precedent covered a topic not covered by the signed writing.

**{¶37}** We conclude that the arbitrator's decision does not depart from the essence of a contract as it does not conflict with the express terms of the contract, it is not without rational support, and it can be rationally derived from the terms of the contract in conjunction with various cases explaining the condition precedent exception to the parol evidence bar. *See Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11*, 59 Ohio St.3d 177, 183, 572 N.E.2d 71 (1991). In other words, the arbitrator was not acting arbitrarily, capriciously, or unlawfully when he construed the contract in this manner and applied the law cited to it on conditions precedent. *See Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 84, 488 N.E.2d 872 (1986).

**{¶38}** Regardless of the precise legal accuracy of the decision, the arbitrator did not exceed his power by concluding that the evidence on the condition precedent was admissible since the condition precedent does not contradict the terms of the Severance Agreement and Release as it deals with subject matter not addressed in the writing. Based upon our narrow review of the arbitrator's decision, we overrule this assignment of error.

ASSIGNMENT OF ERROR NUMBER TWO

**{¶39}** Appellant's second assignment of error contends:

**{¶40}** "THE TRIAL COURT ERRED BY FAILING TO VACATE OR MODIFY THE ARBITRATOR['JS DECISION WHEN IT DENIED THE ADMISSION OF EVIDENCE MATERIAL TO THE CONTROVERSY."

**{¶41}** If this court overrules his first assignment of error, appellant proposes that the arbitrator's award is subject to vacation under R.C. 2711.10(C) because two documents were not admitted at the conclusion of the hearing. Apparently, in the discovery provided by the Bank, appellant received unsigned documents regarding the two managers of his department. These letters from the Bank stated that each manager would receive certain benefits if they accepted employment with the outsourcing provider and specified: "Nothing herein shall limit any other benefits or distributions to which you are entitled under Sky Financial Group benefit plans, as applicable to former employees."

**{¶42}** Appellant apparently questioned witnesses on these documents, but no one had personal knowledge of their existence. Thus, the arbitrator excluded them as exhibits at the close of the hearing. Appellant believes these documents are important to show that severance was still permissible if an employee accepted employment at the outsourcing provider.

**{¶43}** R.C. 2711.01(C) provides in relevant part that an arbitrator's decision can be vacated if: "The arbitrators were guilty of misconduct * * * in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." Even an improper refusal to hear evidence is not reversible. "Vacatur is appropriate only when the exclusion of relevant evidence so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Hoteles Condado Beach, La Concha and Convention Ctr. v. Union De Tronquistas Local 901,* 763 F.2d 34, 39-40 (1st Cir.1985). Additionally, the decision on what evidence is pertinent and material is one best left to the arbitrator. *See generally Jefferson Cty. Sheriff v. Fraternal Order of Police*, 7th Dist. No. 09JE2, 2009-Ohio-6758, ¶ 93.

**{¶44}** Initially, we note that the documents at issue could be construed to weigh against appellant's case. That is, it could be determined that these two

managers were only entitled to severance because of the specific agreements stating that they will still receive severance if they accept employment with the outsourcing provider, whereas appellant was not provided an offer containing this exception. Thus, prejudice from the failure to admit the documents is not apparent.

**{¶45}** Moreover, appellant did not provide the record of the arbitrator's hearing to the trial court (or to this court). Thus, we do not have before us the rationale expressed by the arbitrator at the time of the evidentiary decision, the objection of appellant, or the testimony of the witnesses who apparently were unaware of whether these documents were ever implemented. The lack of the record allows a presumption in favor of regularity. *See, e.g., Arrow Uniform Rental, L.P. v. K&D Group, Inc.*, 11th Dist. No. 101-L-152, 2011-Ohio-6203, ¶29-33; *Marra Constructors, Inc. v. Cleveland Metroparks Sys.*, 82 Ohio App.3d 557, 563, 612 N.E.2d 806 (8th Dist.1993).

**{¶46}** Furthermore, in viewing the evidentiary decision in the light most favorable to regularity, there is no indication of "misconduct." *See Mahoning Cty. Bd. of MRDD,* 22 Ohio St.3d at 84 ("every reasonable intendment will be indulged to give effect * * * to favor the regularity and integrity of the arbitrator's acts."). Plus, the arbitrator did not refuse to hear the evidence. It has been suggested to this court that the arbitrator heard the evidence but then concluded that it had not thereafter been properly authenticated. Although, without a record, we do not know this fact for certain. And, as touched on above, it was not shown to be pertinent and material to the controversy as appellant was not offered a similar deal containing the language that would make his agreement actually conflict with the condition precedent.

**{¶47}** In conclusion, the court's review here is limited. We do not reverse for disagreements with legal decisions, and even if we disagreed with an evidentiary matter, we could not reverse in the absence of prejudice. This assignment of error is overruled.

{¶48} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.