[Cite as *Crenshaw v. Cleveland Police Dept.*, 2022-Ohio-3915.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MARIAH S. CRENSHAW, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 110951 |
| v. | : | |
| CITY OF CLEVELAND POLICE DEPARTMENT, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-942601

### *Appearances:*

Mariah S. Crenshaw, *pro se.*

Mark Griffin, City of Cleveland Law Director, William M. Menzalora, Chief Assistant Director of Law, and Timothy J. Puin, Assistant Director of Law, *for appellees.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant Mariah Crenshaw appeals from the trial court's October 21, 2021 final judgment in this case that disposed of the case, filed in January 2021, for alleged wrongdoing committed in August 2011. The final

judgment granted defendant-appellee's, the city of Cleveland Police Department ("the city"), motion for summary judgment and denied appellant's cross-motion for summary judgment.

**{¶ 2}** In addition to challenging the final judgment, appellant also challenges two prior interlocutory rulings issued by the trial court on April 1, 2021.[1] The first ruling granted the joint motion to dismiss of defendants-appellees Calvin Williams in his official capacity as chief of the Cleveland police; Michael McGrath in his official capacity as the city's public safety director; and "Jane/Joe Smith," unknown person, serving in her or his official capacity as an employee in the city's personnel records department. The second ruling granted the motion to dismiss of defendant-appellee Shawn Howard, Sr., a retired member of the Cleveland Division of Police.

---

[1] Appellant has only attached the trial court's final judgment to her notice of appeal. However, this court has stated the following regarding challenging interlocutory orders after final judgment:

> "Although Rule 3(D) of the Ohio Rules of Appellate Procedure provides that a notice of appeal 'shall designate the judgment, order, or part thereof appealed from,' it "does not require an appellant to separately identify each interlocutory order issued prior to a final judgment." *Beatley v. Knisley*, 10th Dist. No. 08AP-696, 183 Ohio App.3d 356, 2009-Ohio-2229, at ¶ 9, 917 N.E.2d 280 (quoting App.R. 3(D). 'Interlocutory orders * * * are merged into the final judgment * * * [t]hus, an appeal from the final judgment includes all interlocutory orders merged with it.'" *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006- Ohio-6115, at ¶ 9, 866 N.E.2d 547; *see also Handel v. White*, 9th Dist. No. 21716, 2004-Ohio-1588, at ¶ 8.

*O'Connor v. Fairview Hosp.*, 8th District Cuyahoga No. 98721, 2013-Ohio-1794, ¶ 19, quoting *Aber v. Vilamoura, Inc.*, 184 Ohio App.3d 658, 2009-Ohio-3364, 922 N.E.2d 236, ¶ 7 (9th Dist.2009).

{¶ 3} After careful review of the pertinent facts and law, we affirm the trial court's judgments.

**Procedural and Factual History**

{¶ 4} In January 2021, appellant filed this action against appellees, who are the city, Williams, McGrath, "Jane/Joe Smith," and Howard.

{¶ 5} In her complaint, appellant alleged that appellee Howard retired in August 2011, at which time appellee "Smith" called Howard and told him to "come pick up his personnel, disciplinary, and training file before it was destroyed." Appellant alleged that she made a public records request for Howard's file and in response received only "minimal records," which according to her, was due to appellees' negligence in keeping public records. Based on these allegations, appellant sought damages for spoliation and forfeiture.

{¶ 6} The record demonstrates that the city provided appellant with approximately 100 pages of records pursuant to her request.

{¶ 7} In their joint motion to dismiss, appellees Williams, McGrath, and "Smith" contended that because appellant sued them solely in their official capacities, the claims against them were redundant, and should be dismissed, because the city had been sued for the same causes of action.

{¶ 8} In his motion to dismiss, appellee Howard contended that he was not a proper defendant because, pursuant to appellant's allegations in her complaint, he was at all relevant times a private citizen, rather than a government official. Howard

also contended that even if he was a proper defendant, the action was time-barred because it was filed more than five years after the alleged violation.

{¶ 9} The city's motion for summary judgment was based on the following grounds: (1) statutory immunity against appellant's negligence claim; (2) appellant's claims were time-barred, and (3) appellant's claims otherwise failed on the merits.

## Assignments of Error

I.    The trial court erred in dismissing parties before discovery was completed on a Civil Rule 12(B) motion.

II.   The trial court erred in granting a motion for summary judgment in favor of appellees/defendants citing only the Ohio Sunshine Laws governing mandamus actions.

III.  The trial court erred by negating the disposal of permanent records and other such obsolete records per the law requirements of disposal.

## Law and Analysis

## Standard of Review:  Motions to Dismiss

{¶ 10} The joint motion to dismiss of appellees Williams, McGrath, and "Smith," as well as the motion to dismiss of appellee Howard, were made under Civ.R. 12(B)(6).

{¶ 11} Appellant generally complains that the trial court erred in granting the motions to dismiss before discovery could be completed.  A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the *sufficiency of a complaint*.  In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it "'must appear beyond a doubt that the plaintiff can prove

no set of facts in support of [her] claim that would entitle [her] to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

{¶ 12} When reviewing a complaint for failure to state a claim under Civ.R. 12(B)(6), "[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421, ¶ 7. Appellate courts review the grant of a motion to dismiss de novo. *Id.*

{¶ 13} Based on the above, appellant's general challenge to the timing of the motions to dismiss, that is, prior to the completion of discovery, is without merit.

**Motion to Dismiss against Appellees Sued in their Official Capacities**

{¶ 14} Appellant sued appellees Williams, McGrath, and "Smith" in their official capacities as city employees. These appellees contend that they were entitled to have the action dismissed because the claims against them were redundant to the claims against the governmental entity itself, the city.

{¶ 15} It is well settled that a suit against an employee of a political subdivision in the employee's official capacity is an action against the entity itself. *See Digiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 32. Thus, in a case where a government employee is sued in his or her official capacity

only, the claim is to be treated as being against the governmental entity of which the employee is an agent. *Dennis v. Toledo Police Dept.*, 6th Dist. Lucas No. L-90-157, 1991 Ohio App. LEXIS 1583, *10 (Mar. 12, 1991), citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

{¶ 16} Because appellant sued appellees Williams, McGrath, and "Smith" in their official capacities with the city, her claims against these appellees were a nullity and the trial court properly dismissed them. Appellant's first assignment of error is overruled as it relates to the motion to dismiss of appellees Williams, McGrath, and "Smith."

**Appellee Howard's Motion to Dismiss**

{¶ 17} According to appellant's complaint, Howard was a police officer with the city and retired in 2011. Appellant alleges that upon Howard's retirement, someone ("Smith") from the city's personnel records department called Howard and told him to get his personnel, disciplinary, and training file before it was destroyed. According to Crenshaw, the city failed in "its duty to permanently preserve [Howard's] records * * * when he retired."

{¶ 18} Appellant's claim was directed at the city, not Howard, as it could only be. *See Natl. Fedn. of the Blind of Ohio v. Ohio Rehab. Servs. Comm.*, 10th Dist. Franklin No. 09AP-1177, 2010-Ohio-3384 ("Pursuant to R.C. 149.351(B), a person may commence a civil action *against a public office* if that person 'is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or

disposition of a record in violation of R.C. 149.351(A).'") *Id.* at ¶ 12, quoting R.C. 149.351(B).

{¶ 19} Based on the above, the trial court properly granted Howard's motion to dismiss.

{¶ 20} Appellant's first assignment of error is overruled as it relates to Howard's motion to dismiss and, therefore, is overruled in toto.

**Summary Judgment in Favor of the City**

**Standard of Review**

{¶ 21} Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to a construction of the evidence most strongly in his or her favor. Civ.R. 56(C).

{¶ 22} The moving party must assert evidence informing the lower court of the basis for the motion by identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Hunter v. Interpak, Inc.*, 11th Dist. Lake No. 2001-L-198, 2002-Ohio-7149, ¶ 9. The moving party must specifically point to some evidence of the sort listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claim. *Id.*

{¶ 23} If the moving party fails to satisfy its burden, summary judgment should be denied. *Dresher v. Burt*, 75 Ohio St.3d 280, 290, 662 N.E.2d 264 (1996). However, where the moving party meets its initial burden, the burden shifts to the nonmoving party to respond with evidence permitted by Civ.R. 56 demonstrating a genuine issue of material fact. *Id.* In effect, if reasonable minds could find for the nonmoving party, a motion for summary judgment must be overruled. *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 741, 607 N.E.2d 1140 (8th Dist.1992).

{¶ 24} We are mindful that the Supreme Court of Ohio noted in *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27 (1966), "'[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his [or her] trial by jury when he [or she] has the right.'" *Id.* at paragraph eight of the syllabus, quoting *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 193 N.E. 401 (1934), paragraph six of the syllabus. Indeed, the Ohio Supreme Court has indicated that granting of summary judgement "should be encouraged in proper cases." *North v. Pennsylvania RR. Co.*, 9 Ohio St.2d, 169, 171, 224 N.E.2d 757 (1967).

{¶ 25} The trial court granted the city's motion for summary judgment on the ground that appellant's claims were time-barred under the provision of the Ohio Public Records Act set forth in R.C. 149.351(E). That section provides that "a civil action to recover a forfeiture under division (B)(2) of this section shall be commenced within five years after the day in which division (A) of this section was

allegedly violated or was threatened to be violated." R.C. 149.351(E). We agree that the statute of limitations is dispositive.

{¶ 26} Appellant contends that her action was not a mandamus action and, therefore, R.C. 149.351 does not apply. We disagree that R.C. 149.351 does not apply.

{¶ 27} R.C. 149.351(B) provides as follows:

(B) Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, may commence * * * [a] civil action to recover a forfeiture * * *.

R.C. 149.351(B)(2).

{¶ 28} Appellant's action fits squarely under R.C. 149.351(B)(2). Therefore, the five-year statute of limitations under R.C. 149.351(E) applies. According to appellant's complaint, the removal, destruction, mutilation, or transfer occurred in 2011 when appellee Howard retired. Appellant did not file her complaint until 2021, well past the five-year statute of limitations. The trial court therefore properly granted summary judgment in favor of the city on the basis of the expired statute of limitations.

{¶ 29} Appellant's second assignment of error is overruled. Appellant's third assignment of error is moot and we decline to consider it. *See* App.R. 12(A)(1)(c).

{¶ 30} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
GENE A. ZMUDA, J.,* CONCUR

*(Sitting by assignment: Gene A. Zmuda, J., of the Sixth District Court of Appeals.)