[Cite as *533 Short N. L.L.C. v. Zwerin*, 2015-Ohio-4040.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 533 Short North LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 14AP-1016 |
| | | (C.P.C. No. 13CVH-2253) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Victoria Marie Zwerin et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 30, 2015

*Law Offices of James P. Connors*, and *James P. Connors*, for appellants.

*James E. Arnold & Associates, LPA, Gerhardt A. Gosnell, II, James E. Arnold*, and *Julia A. Davis*, for appellees.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1} Plaintiffs-appellants, 533 Short North LLC, Christopher J. Corso, Michael Gallicchio, and Jennifer Pepper, appeal a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendants-appellees, Victoria Marie Zwerin, Grant William Dziak, Michael Quinn, Sarah L. Loveridge, Ashley F. Evans, Joseph Michael Harvey, Brett Fidram, Scott Hetrick, Savannah Lennon, Brenda L. Wintters, Lisa A. DeVine, Joseph A. Shuster, Tiffany Rae Good, James Curtis VanMeter, Frank Parrish, Andrew R. Frisch, and Morgan & Morgan PA.

{¶ 2} In 2010, Zwerin filed an action in the United States District Court for the Southern District of Ohio against 533 Short North, the owner of a chain of bars in

Columbus, as well as individuals who either worked for or had an interest in 533 Short North (hereinafter collectively referred to as "533 Short North").[1]  Zwerin, a former employee of 533 Short North, alleged that 533 Short North's tipping practices violated federal and state wage and hour laws.  Frisch, an attorney with the law firm Morgan & Morgan PA, served as Zwerin's attorney.

{¶ 3}  Zwerin sought certification of her action as a collective action under the Fair Labor Standards Act ("FLSA") and a class action under Fed.R.Civ.P. 23.  After Zwerin filed suit, 14 of Zwerin's co-employees opted into the putative collective action by filing notices of consent.[2]

{¶ 4}  The parties engaged in settlement negotiations and, in late 2011, agreed on the amount 533 Short North would pay to settle the case.  The parties then discussed the non-monetary terms of the settlement, which included a confidentiality provision.  That provision precluded Zwerin from disclosing the terms of the settlement and required Zwerin and her attorneys to reply only that "the matter was resolved" when asked about the settlement.

{¶ 5}  On May 25, 2012, Zwerin electronically filed an unopposed motion seeking the district court's approval of the settlement agreement.  Zwerin appended to her motion a copy of the parties' settlement agreement.  533 Short North immediately objected to the filing of the settlement agreement on the district court's docket where the public could access it.  533 Short North protested that the publication of the settlement agreement on a publicly accessible database deprived it of the confidentiality that it had bargained for.  Zwerin's attorney withdrew the motion (along with its exhibits), but, because the court was closed for the weekend and a holiday, the court clerk did not remove the motion from the docket until May 29, 2012.  Ultimately, the district court preliminarily approved the settlement agreement after reviewing it in chambers.

{¶ 6}  On the evening of May 30, 2012, the Columbus Dispatch published on its website an article about Zwerin's claims and the settlement.  The same article appeared in the print version of the Columbus Dispatch the next day.  Although Zwerin did not speak with the reporter, the article included statements attributed to her attorney, Frisch, and

---

[1]  All the defendants named in the federal action are plaintiffs in the instant action.
[2]  Each of these "opt-in plaintiffs" is a defendant in the instant action.

statements from two opt-in plaintiffs. According the reporter, Frisch stated that he was "happy with the settlement" and " '[w]age theft,' the practice of sharing tips with managers, is common across the country." One of the opt-in plaintiffs, who chose to remain anonymous, told the reporter that he expected to collect a few thousand dollars from the settlement. The anonymous opt-in plaintiff also commented that 533 Short North "really took advantage of people." Grant Dziak, another opt-in plaintiff, stated that he had to share his tips when he was a bartender and received a portion of pooled tips after he was promoted to a salaried position.

{¶ 7} On the same day the Columbus Dispatch published the print version of the article, the website "Breakinglawsuitnews.com" posted a story about the parties' settlement. That story included much of the same information as the Columbus Dispatch article. Approximately two weeks later, the website "Openforum.com" posted an article, entitled "Should Tip Jars Be Illegal?," that reported that "bartenders and servers at four Columbus, Ohio bars won a $150,000 settlement" in a lawsuit that "charged that employees were forced to share their tips with managers and thus sometimes did not receive minimum wage—which is illegal." (Emphasis sic.) Additionally, Frisch described Zwerin's suit and posted a link to the Columbus Dispatch article on a blog that he maintains.

{¶ 8} On August 24, 2012, Zwerin filed a motion for certification of the settlement class and final approval of the settlement. 533 Short North did not oppose the motion and did not raise any objections at the hearing on the motion. Therefore, in an order dated August 31, 2012, the district court granted Zwerin's motion, certified the settlement class, approved the settlement agreement, and dismissed the case. The district court retained jurisdiction to enforce the settlement agreement.

{¶ 9} 533 Short North did not make the settlement payment due September 10, 2012. Rather, two days later, 533 Short North filed a motion asking for dismissal of the action with prejudice and imposition of sanctions against Zwerin and the settlement class (hereinafter collectively referred to as "class plaintiffs"). 533 Short North argued that dismissal and sanctions were warranted because the class plaintiffs had breached the agreed protective order, the confidentiality agreement the parties had during the

settlement process,[3] and the settlement agreement.  The alleged breaches included: (1) the May 25, 2012 filing of the settlement agreement as an exhibit to the motion seeking preliminary approval of the agreement, (2) the Columbus Dispatch article, and (3) the September 27, 2012 filing of the settlement agreement as an exhibit to the class plaintiffs' memorandum in opposition to 533 Short North's motion to dismiss.

{¶ 10} In an opinion and order issued November 2, 2012, the district court denied 533 Short North's motion and ordered 533 Short North to comply with the settlement agreement.  Explaining its refusal to grant 533 Short North the relief it requested, the district court stated:

> The Court finds it unnecessary to determine whether the first two incidents constitute breaches of the parties' confidentiality agreements because even if they do so constitute, [533 Short North] ha[s] waived any right [it] had to invoke the Court's action related to them.  Under the doctrine of estoppel by acquiescence, a party will be held to have lost his rights against another party, if the first party has committed some act which "amount[s] to an assurance to the [second party], express or implied, that [the first party] would not assert his . . . rights against the [second party]."  *Natl. Football League v. Ronder, Inc.*, 840 F.Supp. 1160, 1167 (N.D. Ohio 1933).  *See also Zivich v. Mentor Soccer Club, Inc.*, Case No. 95-L-184 * * * (Ohio Ct. App. 1997) (holding under doctrine of estoppel by acquiescence a plaintiff loses his rights against a defendant if he committed some act amounting to an assurance he would not assert his rights), superceded by statute on other grounds as noted in *Cooper v. Aspen Skiing Co.*, 48 P.3d 1229 * * * (Colo. 2002)).  "The act must clearly and unequivocally import the actor's purpose to sleep upon his rights, and not to assert them."  *Zivich* * * *.
>
> The alleged breaches in the instant action occurred on May 25 and 31, 2012.  The Court, however, was asked to approve the parties['] Confidential Settlement Agreement on August 24, 2012—three months after the alleged breaches.  The Court held [a] hearing on the request on August 31, 2012.  All parties were represented at that hearing and were directly asked if there were any objections to the Court approving the Agreement and entering judgment accordingly.  There were no objections.

---

[3]  According to 533 Short North, in an email exchange that occurred prior to the settlement negotiations, "[b]oth sides reached agreement that settlement proceedings would be covered by the utmost confidentiality available by agreement, federal law, and the local as well as civil rules."

> [533 Short North] do[es] not provide any reason for their delay in requesting relief from this Court.  Indeed, [533 Short North] indicate[s] throughout [its] briefing that [it] became aware of the *Dispatch* article when it was published and "immediately" asked the [class] plaintiffs['] counsel to submit a retraction.  [533 Short North] aver[s] that the [class] plaintiffs at first agreed to prepare and submit a retraction, but that they later reneged on this offer.  [533 Short North], however, continued the negotiation, finalization of the negotiations and request of this Court's approval of the Confidential Settlement Agreement.  The Court finds that [533 Short North's] acts of asking this Court to approve the settlement without any objection unequivocally imported [its] purpose to sleep on [its] rights, and not [to] assert them.

{¶ 11} Addressing the third alleged breach, the district court found that the class plaintiffs had filed the settlement agreement believing that it was no longer confidential because it had become the subject of further litigation.  The district court ruled that the class plaintiffs were mistaken, and it directed the clerk to remove the settlement agreement from the docket and place it under seal.

{¶ 12} Despite the November 2, 2012 order, 533 Short North continued to withhold the settlement payment.  The class plaintiffs, consequently, moved to compel 533 Short North to make the payment.  533 Short North responded with the argument that it did not have to perform under the settlement agreement because the class plaintiffs had breached the parties' confidentiality agreements.  The district court rejected this argument in its November 20, 2012 opinion and order.  The district court held that, in its November 2, 2012 order, it had "specifically determined that [533 Short North] waived any right [it] had to claim that the [class] plaintiffs breached any confidentiality agreement prior to the Court's approval of the Confidential Settlement Agreement."  The district court continued, stating "[533 Short North] ha[s] no avenue of relief related to any potential breach that may have occurred before this Court approved the Confidential Settlement Agreement. * * * [A]ny potential right [533 Short North] possessed was waived by [it]."

{¶ 13} Recognizing that 533 Short North had threatened to sue the class plaintiffs for the alleged breaches of the confidentiality agreements, the district court cautioned 533 Short North:

> [T]he issue of whether the [class] plaintiffs breached any confidentiality agreements prior to this Court's approval of the Confidential Settlement Agreement has already been determined by this Court. [533 Short North] ha[s] no avenue to re-litigate this issue.

At the conclusion of its opinion, the district court granted the class plaintiffs' motion to compel and ordered 533 Short North to comply with the settlement agreement within five days.

{¶ 14} Instead of complying, 533 Short North appealed the district court's November 2, 2012 order to the Sixth Circuit Court of Appeals. While the appeal was pending, 533 Short North filed the instant action, wherein it sought damages, as well as injunctive and declaratory relief, because of alleged breaches of the confidentiality and settlement agreements. 533 Short North sued Zwerin, the class representative; the 14 opt-in plaintiffs, who all became members of the settlement class; and the attorneys who represented Zwerin and the class in the federal action (hereinafter collectively referred to as "defendants").

{¶ 15} Defendants responded to the complaint with a Civ.R. 12(B)(6) motion to dismiss. In the motion, defendants pointed out that the district court had found that 533 Short North had waived its right to relief for any breaches of confidentiality that occurred prior to final approval of the settlement agreement. According to defendants, waiver provided a complete defense to 533 Short North's claims and, under the doctrine of issue preclusion, 533 Short North could not contest that defense.

{¶ 16} In its memorandum in opposition, 533 Short North contended that defendants could not raise their argument via a Civ.R. 12(B)(6) motion because it relied on evidence outside of the complaint. The trial court agreed, and it converted defendants' motion to dismiss into a motion for summary judgment.

{¶ 17} Before the trial court could rule on the converted motion, the Sixth Circuit Court of Appeals announced its decision on 533 Short North's appeal of the district court's November 2, 2012 order. The appellate court construed 533 Short North's motion to dismiss as a Fed.R.Civ.P. 60(b) motion for relief from judgment because it sought relief from the district court's order requiring 533 Short North to pay the class plaintiffs under the settlement agreement. The court then concluded that the district court did not abuse

its discretion in denying that motion, and it affirmed the district court's November 2, 2012 order. Specifically, the court stated:

> As to the first two alleged breaches, the district court did not abuse its discretion [in] denying the requested relief because 533 Short North did not alert the court to the alleged breaches in the intervening months between the alleged breaches and the court's approval of the settlement agreement. With respect to the third alleged breach, in which the [class] plaintiffs again wrongfully uploaded the confidential agreement to the electronic docket, the district court did not abuse its discretion by providing tailored relief in the form of an order to the clerk to remove the document from the docket and place it under seal.

Secondarily, the Sixth Circuit concluded that, because 533 Short North could pursue a state court action for breach of the settlement agreement's confidential provisions, the district court was not required to set aside its judgment.

{¶ 18} Back in the trial court, 533 Short North filed a supplemental memorandum in opposition to the converted motion and attached the Sixth Circuit's decision. 533 Short North seized on the secondary reason for the affirmance of the district court's order. Pointing to the Sixth Circuit's discussion of the secondary reason for its decision, 533 Short North argued that the Sixth Circuit had pronounced 533 Short North's action against defendants impervious to the defense of issue preclusion.

{¶ 19} In a decision and entry dated November 10, 2014, the trial court granted defendants' converted motion for summary judgment. The trial court found that "the issue of whether 533 Short North waived its right to object to [defendants'] alleged breaches of the confidentiality agreements related to the settlement of the federal action has been litigated and determined by the federal district and appellate courts, and the issue cannot be re-litigated in this Court."

{¶ 20} 533 Short North now appeals the November 10, 2014 judgment, and it assigns the following errors:

> [I.] The trial court erred by granting defendants' converted motion for summary judgment based on *res judicata*.
>
> [II.] The trial court erred by denying plaintiffs' motion for default judgment against three unrepresented defendants.

{¶ 21} By its first assignment of error, 533 Short North challenges the trial court's grant of summary judgment to defendants. A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 22} In Ohio, the doctrine of res judicata encompasses both issue preclusion, also known as collateral estoppel, and claim preclusion. *State ex rel. Davis v. Public Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶ 27. Only issue preclusion is relevant to this case. Pursuant to that doctrine, " 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *Id.*, quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). Essentially, issue preclusion prevents the relitigation of facts and issues that the parties or their privies fully litigated in a previous case. *Glidden Co. v. Lumbermans Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 44.

{¶ 23} Issue preclusion, as used in this case, bars the relitigation of whether 533 Short North waived its right to relief for the alleged breaches of confidentiality that occurred prior to the final approval of the settlement agreement. Without the ability to challenge the affirmative defense of waiver, 533 Short North cannot recover on its claims for those breaches. The district court foresaw that outcome in its November 20, 2012 order when it stated that 533 Short North had "no avenue to re-litigate * * * whether the

[class] plaintiffs breached any confidentiality agreements prior to this Court's approval of the Confidential Settlement Agreement." The district court was warning 533 Short North that issue preclusion would render its waiver finding conclusive, and a waiver defense would preclude 533 Short North from relitigating whether pre-approval breaches had occurred.

{¶ 24} Although this case turns on *issue* preclusion, 533 Short North's arguments largely focus on why the elements for *claim* preclusion are not met in this case. The two doctrines are similar, but the elements of each differ. We will address 533 Short North's arguments to the extent that they challenge elements common to the two doctrines.

{¶ 25} First, 533 Short North points out that the federal case did not result in a final, valid decision on the merits of the claims asserted. A final, valid decision on the merits of the claims asserted is an essential element of claim preclusion because that doctrine bars further claims. Issue preclusion, on the other hand, requires only that the issue in controversy be determined by a final, appealable order. *Glidden Co.* at ¶ 45; *accord Scholler v. Scholler*, 10 Ohio St.3d 98, 104-05 (1984) (affording preclusive effect to issues determined in a judgment denying Civ.R. 60(B) relief). Here, the Sixth Circuit decided that the district court's November 2, 2012 order was a final, appealable order after construing 533 Short North's post-judgment motion as a Fed.R.Civ.P. 60(b) motion for relief from judgment. Consequently, we conclude that the November 2, 2012 judgment is a final, appealable order that may preclude relitigation of the waiver issue.

{¶ 26} Second, 533 Short North argues that the claims it asserts in the instant action were not actually litigated and decided in the district court. Collateral estoppel, however, requires that the issue—not the claim—be actually litigated and decided in the previous proceeding. *Davis* at ¶ 28, 30.

{¶ 27} 533 Short North also argues that the issue of whether defendants breached the confidentiality agreements has not been actually litigated and determined. In support of this argument, 533 Short North points to the district court's finding that "it [was] unnecessary to determine whether the first two incidents constitute[d] breaches of the parties' confidentiality agreements."

{¶ 28} This argument is not persuasive because 533 Short North does not correctly identify the precise issue that was litigated and decided in the district court. That issue

was not whether defendants engaged in acts that breached confidentiality, but whether 533 Short North waived the right to relief for the alleged breaches that occurred prior to settlement approval. Indeed, the district court found it unnecessary to determine whether the class plaintiffs had breached confidentiality because 533 Short North had waived those breaches. This waiver issue was directly raised by Zwerin and responded to by 533 Short North in the post-judgment briefing before the district court. The district court's November 2, 2012 order expressly ruled on that issue. Consequently, we conclude that the waiver issue has been actually litigated and decided.

{¶ 29} Third, 533 Short North disputes the parameters of the issue the district court decided. 533 Short North maintains that the district court merely held that 533 Short North had waived the right to object to the settlement agreement. The district court did not so restrict its holding. Rather, the district court concluded that "*any potential right* the defendants possessed was waived by them." (Emphasis added.) This conclusion corresponds with the district court's further determination that, because of 533 Short North's waiver, 533 Short North lacked any avenue—including a state court action— through which it could relitigate the pre-approval breaches of confidentiality.

{¶ 30} Fourth, 533 Short North argues that the trial court erred in applying issue preclusion because the parties to this action are not identical to the parties named in the federal action. Generally, a judgment can only operate as collateral estoppel where all the parties to a subsequent action are bound by the judgment of an earlier action. *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195 (1983). In other words, to preclude *either* of the parties from relitigating an issue, the judgment must be mutually preclusive, i.e., it must preclude *both* the plaintiff and defendant from relitigation. *Id.* Thus, "[i]f a judgment cannot be effective as *res judicata* against a particular person, he cannot avail himself of the adjudication and contend that it is available against others, as between them and himself." *Id.*; *accord Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.*, 69 Ohio St.2d 241, 244 (1982) ("[A] stranger to [a] prior judgment, being not bound thereby, is not entitled to rely upon its effect under the claim of res judicata or collateral estoppel.").

{¶ 31} Out of this rule of mutuality of estoppel arose the rule that, in order to invoke issue preclusion, a party must establish that the parties in the subsequent action

are identical or in privity with those in the former action. *Goodson* at 196. These two rules—mutuality and identity of parties or privity—are virtually co-extensive because they both operate to ensure that collateral estoppel applies only when all the parties to the subsequent action are bound by the earlier judgment. *Johnson's Island* at 244. An earlier judgment binds both parties and individuals in privity with a party. *In re Fordu*, 209 B.R. 854, 862 (Bankr.6th Cir.1997) (construing Ohio law).

{¶ 32} There is an exception to these rules: Ohio law permits a non-party to the earlier proceeding to assert issue preclusion in a later proceeding if the opposing party "clearly had his day in court on the specific issue brought into litigation within the later proceeding." *Goodson* at 200; *accord Davis* at ¶ 28, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994) (requiring only that "the party against whom collateral estoppel is asserted [be] a party [or] in privity with a party to the prior action"); *Hoover v. Transcontinental Ins. Co.*, 2d Dist. No. 2003-CA-46, 2004-Ohio-72, ¶ 17 ("Ohio law allows the use of non-mutual defensive collateral estoppel when a party against whom the doctrine is asserted previously had his day in court and was permitted to fully litigate the specific issue sought to be raised in a later action."); *Hayes v. State Med. Bd. of Ohio*, 138 Ohio App.3d 762, 773 (10th Dist.2000) (holding that collateral estoppel bars relitigation of the same issues "even though the party asserting the preclusion was not a party to the first action, provided the issue was actually litigated, directly determined, and essential to the judgment in the prior action").

{¶ 33} Neither the parties nor the trial court have relied on this exception, so we will not address whether it applies in this case. Rather, we will consider whether defendants have established mutuality of estoppel or identity of parties or privity.

{¶ 34} In the case at bar, the party plaintiffs are identical to the party defendants in the federal action. Zwerin, who was the named plaintiff in the federal action, is a defendant in this action. However, the remaining party defendants in the instant action were not parties in the federal action.

{¶ 35} The remaining party defendants fall into one of two categories. The first category contains the 14 defendants who were "opt-in plaintiffs" in the federal action. In order to be included in a collective action under the FLSA, putative class members must opt into the class. *O'Brien v. Ed Donnelly Ents., Inc.*, 575 F.3d 567, 583 (6th Cir.2009).

Once the collective action is certified, the opt-in class members are party plaintiffs. *Id.* Here, by filing notices of consent in the federal action, 14 individuals opted into the class Zwerin was seeking to certify under the FLSA. However, as the district court never certified the collective action, the 14 individuals never actually became party plaintiffs to the federal action. Instead, those 14 individuals became members of the settlement class the district court certified when it gave final approval to the settlement agreement.

{¶ 36} While not full parties to an action, class members are bound by a judgment rendered in a properly certified class action. *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008). Because such a judgment is binding on class members, "[b]asic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply. * * * A judgment in favor of either [the plaintiff class or the defendant] is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment." *Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 874 (1984). That is, because a judgment in a properly certified class action binds both the class members and the defendant, the mutuality of estoppel requirement is met and collateral estoppel applies. Consequently, the 14 defendants, as class members in the federal action, may employ collateral estoppel against 533 Short North in the instant action.

{¶ 37} The second category of party defendants consists of the attorney who represented the class plaintiffs in the federal action and that attorney's law firm. Courts outside of Ohio have concluded that, for purposes of res judicata, attorneys who represent a party in an earlier action are privies with that party in a subsequent action. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir.2000); *Floch v. JP Morgan Chase Bank, N.A.*, W.D.Tenn. No. 14-cv-02712-STA-tmp (Mar. 20, 2015); *Clemens v. Wells Fargo Bank, N.A.*, D.Kan. No. 14-4020-JTM (Dec. 30, 2014); *Ray Legal Consulting Group v. Gray*, 37 F.Supp.3d 689, 699 (S.D.N.Y.2014); *Lintz v. Credit Adjustments, Inc.*, E.D.Mich. No. 07-11357 (Mar. 28, 2008). This conclusion is consistent with Ohio law, which holds that privity may arise between a party and another if the other person shares " 'a mutuality of interest, including an identity of desired result,' " with the party. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 8, quoting *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Undoubtedly, Zwerin and her attorney share a mutuality of interest and desired

result, both in the federal action and now. We thus conclude that the class plaintiffs' attorney and his law firm may assert collateral estoppel against 533 Short North.

{¶ 38} In sum, although the parties to this action are not identical to parties in the federal action, the district court's November 2, 2012 judgment binds every party to the instant action. Consequently, the trial court could apply issue preclusion to bar relitigation of the waiver issue.

{¶ 39} In addition to challenging whether defendants established the elements for issue preclusion, 533 Short North also argues that the Sixth Circuit Court of Appeals prohibited the application of issue preclusion to the instant action. In affirming the district court's November 2, 2012 order, the Sixth Circuit did not discuss or even mention issue preclusion. Nevertheless, 533 Short North contends that the Sixth Circuit forbade application of issue preclusion when it stated:

> Moreover, 533 Short North has already filed a state court action for breach of the agreement's confidentiality provisions. As one treatise explains, "[r]elief is not always mandated merely because one party breaches . . . the settlement agreement. . . . If adequate relief is available through a separate lawsuit for breach of the settlement agreement, the court may leave the parties to that remedy and refuse to set the judgment aside." 12 Moore's Federal Practice § 60.48[3][d] (3d ed. 2013). In light of this available alternative remedy, the district court was not required to set aside its judgment.

{¶ 40} 533 Short North reasons that, because this action is an "available alternative remedy," nothing can impede its pursuit of this action. We disagree. The Sixth Circuit only recognized 533 Short North's ability to file a state court action based on the breach of the confidentiality agreements. The court made no ruling regarding the availability or viability of possible defenses to 533 Short North's action, much less barred defendants from asserting any particular defense.

{¶ 41} Next, 533 Short North attacks the merits of the district court's holding that it waived its right to relief for the breaches of confidentiality that occurred prior to the approval of the settlement agreement. Neither the trial court nor this court can determine whether the district erred in its resolution of the waiver issue. We are only concerned with whether issue preclusion prevents relitigation of that issue in this case.

Consequently, we will not weigh the factual and legal merits of the district court's conclusion that 533 Short North committed waiver.

{¶ 42} While almost all of 533 Short North's arguments fail, we find one argument persuasive. Essentially, in that argument, 533 Short North contends that the trial court erroneously expanded the scope of the district court's finding. We agree.

{¶ 43} Application of issue preclusion here means that 533 Short North cannot relitigate the district court's finding that 533 Short North waived its right to recover for the alleged breaches of confidentiality that occurred prior to the court's approval of the settlement agreement. The district court found that 533 Short North waived those pre-approval breaches when it failed to raise them at the hearing on the motion for final approval of the settlement agreement. The district court, however, did not make any finding regarding breaches that arose *after* the approval of the settlement agreement. 533 Short North points to 15 paragraphs in its complaint that, according to 533 Short North, set forth violations of the confidentiality agreements that occurred after the approval of the settlement agreement.[4] 533 Short North argues that the district court's determination of waiver does not reach these post-approval breaches.

{¶ 44} Many of the alleged breaches set forth in the cited paragraphs happened prior to the approval of the settlement agreement. However, one of the alleged breaches—the September 27, 2012 filing of the settlement agreement on the district court's electronic docket—unequivocally occurred after the approval of the settlement agreement. Moreover, other alleged breaches are not tied to a particular date, and the record contains no evidence regarding the timing of those alleged breaches. Those undated alleged breaches include: (1) disclosures made on blogs (including Frisch's blog), Twitter, and other social media that violated the settlement agreements, and (2) the failure to cooperate in remedying the alleged confidentiality breaches by refusing to prepare a retraction of the Columbus Dispatch article and opposing discovery regarding the breaches of confidentiality. To the extent that the above alleged breaches happened after the approval of the settlement agreement, waiver, as applied through issue preclusion, does not bar 533 Short North from pursuing them. 533 Short North could not waive claims that had not yet accrued at the time the waiver occurred.

---

[4] Specifically, 533 Short North refers to paragraphs 26, 28-29, and 39-50 of the complaint.

{¶ 45} Given the foregoing, we conclude that the trial court erred in granting summary judgment on the breach of contract claim based on the September 27, 2012 filing of the settlement agreement. Additionally, as a question of fact exists regarding when defendants allegedly made disclosures in social media and failed to cooperate, we conclude that the trial court erred in granting summary judgment on the breach of contract claims based on that conduct.

{¶ 46} In sum, we conclude that the trial court did not err in granting summary judgment to defendants on the basis of issue preclusion, with the limited exception set forth above. We, therefore, sustain in part and overrule in part the first assignment of error.

{¶ 47} By its second assignment of error, 533 Short North argues that the trial court erred in denying its motion for default judgment against three defendants. We disagree.

{¶ 48} On June 14, 2014, 533 Short North moved for default judgment against defendants Joseph Michael Harvey, Savannah Lennon, and Tiffany Rae Good. In the motion, 533 Short North alleged that it had perfected service against each of these three defendants, but none had moved or otherwise pleaded in response to the complaint. In a decision and entry dated July 28, 2014, the trial court decided to hold that motion in abeyance pending a decision and judgment on the converted motion for summary judgment. The trial court then granted summary judgment on all of 533 Short North's claims without ruling on the motion for default judgment.

{¶ 49} The trial court's failure to rule on the motion for default judgment does not hamper our review. Ordinarily, when a trial court decides a case without ruling on a pending motion, an appellate court will presume that the trial court denied the motion. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 13. We thus presume that the trial court denied 533 Short North's motion for default judgment.

{¶ 50} A trial court has discretion to grant or deny a motion for default judgment. *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.2d 116, 119 (1980), fn. 2. Thus, appellate courts review such a decision for abuse of discretion. *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11. Under the specific circumstances presented here, the trial court did not abuse its discretion in extending the benefit of a successful

defense common to all defendants to the defaulting defendants and, consequently, denying 533 Short North default judgment. *See Blausey v. Legare*, 6th Dist. No. 88-3814 (Oct. 27, 1989); *Westfield Cos. v. Jarrell*, 4th Dist. No. 417 (Dec. 7, 1979). Accordingly, we overrule 533 Short North's second assignment of error.

{¶ 51} As a final matter, we must address 533 Short North's motion for leave to amend its notice of appeal. 533 Short North wants leave to cite the July 28, 2014 decision and entry, which held the motion for default judgment in abeyance, as a basis for this appeal.

{¶ 52} Pursuant to App.R. 3(D), a notice of appeal "shall designate the judgment, order or part thereof appealed from." This rule, however, does not require an appellant to separately identify each interlocutory order issued prior to a final judgment. *Beatley v. Knisley*, 183 Ohio App.3d 356, 2009-Ohio-2229, ¶ 9 (10th Dist.). Interlocutory orders merge with the final judgment; thus, an appeal from a final judgment includes all interlocutory orders merged with it. *Shaffer v. OhioHealth Corp.*, 10th Dist. No. 04AP-236, 2004-Ohio-6523, ¶ 12.

{¶ 53} The July 28, 2014 decision and entry is an interlocutory order. Therefore, it need not appear in the notice of appeal for 533 Short North to challenge it on appeal. We consequently deny 533 Short North's motion for leave to amend the notice of appeal.

{¶ 54} For the foregoing reasons, we sustain in part and overrule in part the first assignment of error, and we overrule the second assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this cause to that court for further proceedings in accordance with law and this decision.

*Motion for leave to amend notice of appeal denied;*
*judgment affirmed in part and reversed in part; cause remanded.*


SADLER and BRUNNER, JJ., concur.

_____